**Walter OBERSCHACHTSIEK, Appellant,**

v.

**IOWA DEPARTMENT OF SOCIAL SERVICES, Appellee.**

**No. 64468.**

Supreme Court of Iowa.

Nov. 12, 1980.

Lois K. Cox, Legal Services Corp. of Iowa, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., and John G. Black and Stephen C. Robinson, Asst. Attys. Gen., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McCORMICK, Justice.

The question here is whether a state regulation concerning eligibility of self–employed persons for assistance in the Aid to Families with Dependent Children–Unemployed Father (AFDC–UF) program is invalid because it conflicts with federal eligibility requirements. The Department of Social Services upheld the regulation and relied on it in denying benefits to plaintiff Walter Oberschachtsiek. Upon plaintiff's petition for judicial review, the district court affirmed. We reverse and remand.

Our review of agency action is governed by section 17A.19, The Code. In this case we are asked to reverse the district court because the regulation under which assistance was denied is invalid under the supremacy clause, U.S.Const. art. VI, clause 2. *See* § 17A.19(8)(a).

Plaintiff applied for AFDC–UF assistance in the Johnson County office of the Department of Social Services. When the office denied his application, he appealed to the department. The case was heard by a hearing officer. The hearing officer made findings of fact which she held established plaintiff's eligibility for benefits under federal statutes and regulations. However, she also held she was compelled to affirm the denial of benefits because plaintiff was ineligible under a state regulation. Even though she said she believed the state regulation was invalid because it conflicted with federal regulations, she recognized her lack of authority to make that determination. Upon review of the hearing officer's proposed decision, the department adopted her findings of fact but upheld the validity of its regulation. Consequently the denial of benefits was affirmed. The district court affirmed the department and this appeal followed.

The state regulation which served as the sole basis for denial of assistance to plaintiff is 770 I.A.C. § 42.6 (hereinafter section 42.6). It provides: "In determining hours of employment, a self–employed person shall be considered to be employed for the number of hours such person's services are available." Plaintiff has challenged the validity of this regulation throughout these proceedings.

The evidence bearing on plaintiff's eligibility for benefits is not in dispute. At the time material here, plaintiff was the self–employed operator of a Volkswagen repair business in Coralville. He had one dependent child. In January and February 1979 his income was less than $100 per month. During the thirty days preceding his application for assistance, he actually worked approximately thirty–two and three–fourths hours. Seventeen and three–fourths hours of that time were expended working on cars and the rest was occupied by other work–related tasks. He spent less time at the garage in cold winter months because it was unheated. He was there, however, six hours a day, four days a week, during the winter. In good weather he would work ten hours a day, five days a week, if work were available.

To establish his eligibility for benefits, it was necessary for plaintiff to prove he was employed less than one hundred hours during the month preceding his application. This was required under 770 I.A.C. § 41.-1(5)(d), which provides in part: "A father is considered partially or totally unemployed when he is employed less than one hundred hours a month...." No dispute exists here that plaintiff actually worked less than one hundred hours per month during the period involved. He was denied benefits, however, because of the special provision in section 42.6 which deems a self–employed person "to be employed for the number of hours such person's services are available," regardless of the number of hours worked.

If plaintiff were not self–employed, he would have been eligible for benefits even though he was available for work one hundred hours or more. Thus if he were totally unemployed or if he were employed by someone else but actually worked less than one hundred hours, he would have received benefits. However, he was denied benefits because he could have worked for one hundred hours or more per month in his self–employment if sufficient demand had existed for his services.

■ Plaintiff contends section 42.6 is invalid because it conflicts with the federal regulations which establish eligibility criteria. State regulations which contravene the federal regulatory scheme are invalid under the supremacy clause. *Townsend v. Swank*, 404 U.S. 282, 286, 92 S.Ct. 502, 505, 30 L.Ed.2d 448, 453 (1971). *See also King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

■ The history of the AFDC–UF program is traced in *Batterton v. Francis*, 423 U.S. 416, 418–20, 97 S.Ct. 2399, 2402–03, 53 L.Ed.2d 448, 453 (1977), and need not be fully repeated here. The program was designed to provide benefits for needy children without furnishing an incentive to an unemployed father to desert his family in order to make it eligible for assistance. S.

Rep. No. 744, 90th Cong., 1st Sess., *reprinted in* [1967] U.S.Code Cong. & Admin.News 2996. In 1968 the program was made a permanent part of the Social Security Act. *See* 42 U.S.C. § 607(a). Participation by the states is optional. However, once a state elects to participate in the program, as Iowa has, it must abide by federal statutes and regulations. *King v. Smith, supra.* The federal requirements for the AFDC–UF program have been summarized as follows:

> As to AFDC, the law is indeed clear. Each State is entirely free to set its own monetary standard of need and level of benefits.... But the States are not free to narrow the federal standards that define the categories of people eligible for aid... [T]his Court has consistently held that States participating in the AFDC program must make assistance available to *all* persons who meet the criteria of § 406(a) of the Act.

*Quern v. Mandley*, 436 U.S. 725, 740, 98 S.Ct. 2068, 2077, 56 L.Ed.2d 658, 671 (1978).

■ The federal statute requires a participating state to provide assistance "where a needy child 'has been deprived of parental support or care by reason of the unemployment (as determined in accordance with standards prescribed by the Secretary [of HEW]) of his father.'" *Batterton*, 432 U.S. at 419, 97 S.Ct. at 2402, 53 L.Ed.2d at 453. *See* 42 U.S.C. § 607(a); *Philbrook v. Glodgett*, 421 U.S. 707, 709–11, 95 S.Ct. 1893, 1896–97, 44 L.Ed.2d 525, 530 (1975). Pursuant to the statute, the Secretary of HEW established a standard for state definitions of unemployment. It provides in part:

> (a) *Requirements for State Plans.* If a State wishes to provide AFDC for children of unemployed fathers, the State plan under Title IV–Part A of the Social Security Act must, except as specified in paragraph (b) of this section:
>
> (1) Include a definition of an unemployed father .... *Such definitions must include any father who:*
>
> (i) *Is employed less than 100 hours a month; or*

> (ii) *Exceeds that standard for a particular month, if his work is intermittent and the excess is of a temporary nature as evidenced by the fact that he was under the 100–hour standard for the prior 2 months and is expected to be under the standard during the next month;* except that, at the option of the State, such definition need not include a father whose unemployment results from participation in a labor dispute or who is unemployed by reason of conduct or circumstances which result or would result in disqualification for unemployment compensation under the State's unemployment compensation law.

45 C.F.R. § 233.100. (emphasis supplied).

The present problem is also affected by a general restriction of state discretion:

> (a) *State plan requirements.* A State plan ... must:
>
> (1) Specify the groups of individuals, based on reasonable classifications, that will be included in the program, and all the conditions of eligibility that must be met by the individuals in the groups. The groups selected for inclusion in the plan and the eligibility conditions imposed must not exclude individuals or groups on an arbitrary or unreasonable basis, and must not result in inequitable treatment of individuals or groups in the light of the provisions and purposes of the public assistance titles of the Social Security Act. Under this requirement:
>
> (i) A State shall impose each condition of eligibility required by the Social Security Act; and
>
> (ii) A State may:
>
> (A) Provide more limited public assistance coverage than that provided by the Act only where the Social Security Act or its legislative history authorizes more limited coverage;
>
> (B) Impose conditions upon applicants for and recipients of public assistance which, if not satisfied, result in the denial or termination of public assistance, if such conditions assist the State in the efficient administration of its public assistance programs, or further an indepen-

dent State welfare policy, and are not inconsistent with the provisions and purposes of the Social Security Act.

. . . . .

(vii) Methods of determining eligibility must be consistent with the objective of assisting all eligible persons to qualify. 45 C.F.R. § 233.10(a)(1).

■ As these regulations make clear, and as the Supreme Court has noted, states have leeway in determining financial requirements for eligibility, but the category of eligible persons is largely determined by the federal government. *See Califano v. Westcott*, 443 U.S. 76, 80, n. 1, 99 S.Ct. 2655, 2658, 66 L.Ed.2d 382, 387–88 (1979). A state cannot deny coverage to a person who is eligible under federal standards unless coverage of those persons is optional under the federal standards. *Burns v. Alcala*, 420 U.S. 575, 580, 95 S.Ct. 1180, 1184, 43 L.Ed.2d 469, 475 (1975). Moreover, the regulations prohibit a state from excluding persons on an arbitrary or unreasonable basis and from treating persons inequitably in light of the purpose of the program. States are permitted to provide more limited coverage only where the federal statute or its legislative history authorize it.

We perceive no authority in the federal regulations for the states to differentiate between the eligibility of unemployed persons on the basis that the unemployment arose from self–employment instead of an employer–employee relationship. Section 223.100(a)(1)(i) requires the state definition of employment to include "any father" who is "employed less than 100 hours a month." The regulation treats employment as synonymous with work. It requires the definition to include a father who exceeds the standard "if his *work* is intermittent" and the other requirements of subparagraph ii of the regulation are met. (emphasis supplied). The Supreme Court has equated employment with work in interpreting the regulation. *See Batterton*, 432 U.S. at 421, 97 S.Ct. at 2403, 53 L.Ed.2d at 454 ("Generally, it requires the States to consider a person to be unemployed for AFDC–UF purposes if he works less than 100 hours a

month . . ."). This accords with common usage, and we have no reason to believe Congress intended any different meaning. *See* 2A *Statutes and Statutory Construction* § 47.27 at 138 (4th ed. C. Sands 1973). The only discretion given the states in the regulations to define the categories of eligible persons is the option to exclude fathers who would not qualify for unemployment compensation or who are involved in a labor dispute.

■ We conclude that the federal standard requires state definitions of unemployment to include any father who actually works less than one hundred hours per month during the relevant period. The standard does not permit states to deny eligibility to self–employed persons on the basis of their "availability" to work a greater number of hours.

The State contends its regulation is intended to discourage fraudulent claims by self–employed persons. It does not explain how the challenged regulation furthers this objective. As a practical matter, the regulation makes it impossible for an able–bodied self- employed person ever to qualify for benefits. It puts such a person in a real catch–22 situation. This is because section 239.2(4)(c), The Code, bars benefits for a child of an unemployed father if at any time within the thirty–day period prior to receipt of AFDC benefits the father "*has not been available for employment*, has not actively sought employment, or has without good cause refused any bona fide offer of employment or training for employment." (emphasis supplied). Thus benefits are barred under the statute unless the father is *always available for employment*. Yet they are barred under the regulation if he is available for employment for 100 hours or more.

■ Section 42.6 is in conflict with the coverage mandated by the federal standard and violates the applicable federal regulations by excluding persons on an unreasonable, inequitable and unauthorized basis. Consequently, we hold that section 42.6 conflicts with federal eligibility requirements and is therefore invalid.

We reverse the district court and remand to the department for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.