SPRATT v DEPARTMENT OF SOCIAL SERVICES

Docket No. 97519. Submitted December 1, 1987, at Grand Rapids.
Decided July 5, 1988.

Robert Spratt, an employee of Christian Counseling Center, ap-
plied to the Department of Social Services for Aid to Dependent
Children based on unemployment. The department denied ben-
efits to Spratt for the reason that he had the opportunity of
being employed one hundred or more hours per month. An
administrative hearing officer affirmed finding that claimant
was not "unemployed" as defined as employed less than one
hundred hours a month. The hearing officer refused to consider
claimant's testimony regarding the number of hours worked on
the basis that better evidence was available from the corpora-
tion's counseling records and, since claimant refused to produce
these records on the basis of privilege, ruled that claimant was
ineligible for ADC-U benefits, finding claimant's testimony re-
garding the number of hours worked to be hearsay evidence of
a type not commonly relied upon by reasonably prudent per-
sons in the conduct of their affairs. The hearing officer also
found that claimant had control over the corporation and could
influence the corporation to pay him for his services. Claimant
appealed to the Newaygo Circuit Court, which affirmed. The
Court of Appeals affirmed in an unpublished opinion per cu-
riam, Docket No. 70103 (April 30, 1985). Claimant appealed and
the Supreme Court reversed and remanded to DSS for a rehear-
ing, holding that the hearing officer erred in not considering
claimant's testimony as to the number of hours worked and in
declining to consider the corporation's financial records which
were probative of the issue of whether claimant diverted funds
which should have been used to pay him a salary. On remand,
the hearing was before the same hearing officer. The parties
stipulated that diversion of funds was no longer an issue. The
hearing officer refused to consider the corporate records as
evidence of the number of hours worked or to allow claimant to

REFERENCES

Am Jur 2d, Administrative Law §§ 351-353, 397 *et seq.*, 437-440, 553
*et seq.*, 620.
See the Index to Annotations under Administrative Law; Hearings.

use them to refresh his recollection of the number of hours worked. He ruled that the testimony concerning the number of hours worked was based on unsupported guess or estimate and that he had not established his eligibility for benefits. The Newaygo Circuit Court, Terrence R. Thomas, J., affirmed. Claimant appealed.

The Court of Appeals *held:*

1. The hearing officer's comments on rehearing indicate that he may have prejudged the case and he should not have presided at the rehearing.

2. The hearing officer's refusal to admit corporate records offered to support claimant's claim that he worked less than one hundred hours per month was arbitrary and capricious and an abuse of discretion which denied claimant his due process right to present his case.

3. The hearing officer's failure to consider claimant's testimony regarding the number of hours worked and to refresh his recollection by referring to a study prepared from the corporation's records was an abuse of discretion.

4. The hearing officer did not properly carry out the Supreme Court's order on remand to consider a certain foreign decision.

Reversed and remanded.

1. ADMINISTRATIVE LAW — DUE PROCESS — IMPARTIAL HEARINGS.

The right to a hearing before an unbiased and impartial administrative decisionmaker is a basic requirement of due process and of statutory law; *actual bias need not be shown to obtain* disqualification of a hearing officer—rather, the situation need only be one where the probability of actual bias is too high to be *constitutionally tolerable;* one situation presenting such an intolerable risk is where a decisionmaker is put in the position of reviewing a decision he initially made (MCL 24.279; MSA 3.560[179]).

2. ADMINISTRATIVE LAW — APPEAL.

A circuit court reviewing the determination of an administrative tribunal should reverse the tribunal's decision only if the decision or order: (a) violates the constitution or a statute, (b) exceeds the agency's authority or jurisdiction, (c) is made upon unlawful procedure, (d) is not supported by competent, material, or substantial evidence, (e) is arbitrary or capricious, or an abuse of discretion, or (f) is affected by any other substantial or material error of law (MCL 24.306; MSA 3.560[206]).

3. ADMINISTRATIVE LAW — EVIDENCE — CORPORATE RECORDS.

An administrative agency may consider evidence of a type com-

monly relied upon by reasonably prudent persons in the conduct of their affairs subject to the rules of evidence as applied in a nonjury civil case; corporate financial records are commonly relied on by reasonably prudent persons in the conduct of their affairs (MCL 24.275; MSA 3.560[175]).

Robert C. Spratt, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Fraleigh,* Assistant Attorney General, for the Department of Social Services.

Before: WEAVER, P.J., and WAHLS and M. J. SHAMO,* JJ.

M. J. SHAMO, J. This appeal arises from a finding by respondent Department of Social Services that claimant, Robert Spratt, was ineligible for Aid to Dependent Children based on his unemployment (ADC-U). Claimant appeals as of right from a December 5, 1986, order of the Newaygo Circuit Court granting summary affirmance and denying peremptory reversal of a March 28, 1986, decision of an administrative hearing officer. We reverse the circuit court's order and remand for a new hearing before a different hearing officer.

Claimant is a certified social worker who in 1980 incorporated the Christian Counseling Center, a nonprofit corporation providing counseling and psychological services. In January, 1981, he applied for ADC-U benefits, claiming that during the thirty days prior to his application he volunteered no more than twenty-eight hours for the corporation. Moreover, claimant asserted that the corporation did not generate enough income to pay him. In its written negative action notice dated January

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

29, 1981, respondent denied claimant's ADC-U application, stating, "your business provides you the opportunity of being employed 100 or more hours per month." However, respondent maintains on appeal that its "real reason" for denying claimant's application was claimant's failure to verify the number of hours worked. Respondent never expressed this latter reason in writing but claims that claimant had verbal notice of it.

Claimant appealed respondent's decision, and on April 30, 1981, a hearing officer affirmed respondent's denial. The hearing officer found that claimant failed to meet the ADC-U eligibility requirement defining "unemployment" as "employed less than 100 hours a month," 45 CFR 233.100(a)(1)(i). The hearing officer refused to consider claimant's testimony regarding the number of hours worked on the basis that better evidence was available from the corporation's counseling records. Since claimant refused to produce these records on the basis of privilege, MCL 338.1764; MSA 18.365(14), the hearing officer ruled that claimant was ineligible for ADC-U benefits, finding claimant's testimony regarding the number of hours worked to be hearsay evidence of a type not commonly relied upon by reasonably prudent persons in the conduct of their affairs, MCL 24.275; MSA 3.560(175). The hearing officer also found that claimant had control over the corporation and could influence the corporation to pay him for his services. The hearing officer stated, "To permit the corporation entity to be used as a shield for nonpayment of [claimant's] counseling services at [claimant's] choice . . . would work a wrongdoing on the taxpayers who furnish the public assistance."

Claimant appealed the hearing officer's decision to the Newaygo Circuit Court, which affirmed on November 30, 1982. This Court affirmed the circuit

court's decision on April 30, 1985. Unpublished opinion per curiam (Docket No. 70103). On February 20, 1986, the Michigan Supreme Court vacated the decisions of the lower tribunals and remanded the case to respondent for a rehearing, 424 Mich 880 (1986). In its order remanding the case, the Supreme Court stated:

> The hearing officer erred in refusing to consider claimant's testimony on the number of hours he worked on the basis that better evidence was available from claimant's counseling records. The only testimony concerning the content of these records indicated that they do not contain specific information on the duration of counseling sessions, but rather summarize the substantive content of those sessions. Thus, the original records rule did not apply, MRE 1002. Claimant asserted a privilege concerning these records, MCL 338.1764; MSA 18.365(14). The hearing officer also erred in declining to consider the corporation's financial records which were probative of the issue of whether claimant diverted corporate funds which should have been used to pay him a salary. On remand, the hearing officer shall admit the subject testimony and consider it to the extent it is found credible and otherwise admissible.

With respect to the reason given in respondent's 1981 written negative action notice, i.e., that claimant had the opportunity to be employed one hundred or more hours per month, the Supreme Court order directed the hearing officer on remand to consider the effect, if any, of *Oberschachtsiek v Iowa Dep't of Social Services,* 298 NW2d 302 (Ia, 1980). This case holds that ADC-U benefits may not be denied to self-employed persons on the basis of their availability to work one hundred or more hours per month; rather, the actual number of hours worked must be considered.

The hearing on remand was conducted before the same hearing officer who had heard the case in 1981. The parties stipulated that the matter of claimant's diversion of corporate funds was no longer at issue. The hearing officer allowed claimant to testify concerning the number of hours worked, but refused to allow him to refer to corporate records to refresh his recollection. The hearing officer further refused to consider the corporate records themselves as evidence of the number of hours worked. The hearing officer based his evidentiary rulings on his belief that, under the Supreme Court order remanding the case, the corporate records were only admissible with respect to claimant's alleged diversion of funds. Since the diversion of funds was no longer at issue, the hearing officer found the corporate records irrelevant and immaterial. Having refused to consider the proffered corporate records, the hearing officer found that claimant's testimony concerning the number of hours worked was based on "unsupported conclusory guess or estimate," and ruled again that claimant had failed to establish his eligibility for ADC-U benefits.

The hearing officer also held that respondent's written denial of benefits based on claimant's "opportunity" to work one hundred hours or more per month was contrary to *Oberschachtsiek v Iowa Dep't of Social Services, supra.* However, the hearing officer found the case inapplicable to claimant's situation because claimant failed to raise the defect in notice at the 1981 hearing. Moreover, the hearing officer found an alternative reason for respondent's denial of benefits based on "verification failure," despite the fact that claimant was not notified of this reason in writing.

The Newaygo Circuit Court affirmed the decision on remand in the order of December 5, 1986, from

which this appeal is taken. On appeal, claimant maintains that the hearing officer should have been disqualified from rehearing his case because of bias. Claimant also challenges the decision on rehearing on the following grounds: (1) the hearing officer refused to admit corporate financial records and summaries of such records offered to support claimant's claim of eligibility for ADC-U benefits; (2) the hearing officer erroneously found claimant's testimony insufficient to support his application; and (3) the hearing officer misapplied the *Oberschachtsiek* decision in this case. Finally, claimant denies that objections based on the *Oberschachtsiek* decision have been waived. We find merit in all of claimant's arguments.

Claimant asserts bias based on the hearing officer's exposure to prejudicial statements regarding claimant's religious beliefs and the hearing officer's gross abuse of discretion in the 1981 hearing. Respondent correctly points out that, because claimant did not address this issue in his motion for peremptory reversal, the circuit court did not err in failing to consider it. However, we note that claimant raised the issue of bias before the hearing officer on rehearing and in his petition for review to the circuit court. We will address it now despite the technical shortcoming in order to avoid injustice. MCR 7.216(A)(3).

The right to a hearing before an unbiased and impartial administrative decisionmaker is a basic requirement of due process and of MCL 24.279; MSA 3.560(179). Actual bias need not be shown to obtain disqualification of a hearing officer; rather, the situation must be one where the probability of actual bias is too high to be constitutionally tolerable. *Crampton v Dep't of State,* 395 Mich 347, 354; 235 NW2d 352 (1975). One situation presenting such an intolerable risk is where a decisionmaker

is put in the position of reviewing a decision he or she initially made. *Id.* Because this situation poses an intolerable risk that the decisionmaker may have prejudged the case, due process requires a new decisionmaker. 395 Mich 351. See also *City of Livonia v Dep't of Social Services,* 423 Mich 466, 513; 378 NW2d 402 (1985).

The hearing officer in the instant case should not have presided on rehearing over a case he initially decided. His comments on the record on rehearing indicate that he may have prejudged the case. When asked by claimant to disqualify himself on the basis of bias, the hearing officer stated, "And, as far as making erroneous conclusions, I still believe I made the proper conclusions at the time." Moreover, the hearing officer failed to correctly carry out the Supreme Court's order remanding the case, see discussion, *infra.* Accordingly, we hold that claimant is entitled to a rehearing before a different hearing officer.[1]

We will further address claimant's objections to the hearing officer's decision on rehearing because the same issues will doubtless arise when the case is heard before a new hearing officer. In reviewing the decision on rehearing, we note that we may only reverse if the decision: (1) violates the constitution or a statute; (2) exceeds the agency's authority or jurisdiction; (3) is made upon unlawful procedure; (4) is not supported by competent, material, or substantial evidence; (5) is arbitrary or capricious, or an abuse of discretion; or (6) is affected by any other substantial or material error of law. MCL 24.306; MSA 3.560(206); *Soto v Director of the Michigan Dep't of Social Services,* 73 Mich App 263, 269; 251 NW2d 292 (1977); *General*

---

[1] We find no evidence in the record that claimant faced discrimination because of his religious beliefs.

*Motors Corp v Bureau of Safety & Regulation,* 133
Mich App 284, 287-288; 349 NW2d 157 (1984).

We find that the hearing officer's refusal to
admit corporate records offered to support claim-
ant's claim that he worked less than one hundred
hours per month was arbitrary and capricious and
an abuse of discretion which denied claimant his
due process right to present his case.

An administrative agency may consider evidence
of a type commonly relied upon by reasonably
prudent persons in the conduct of their affairs
subject to the rules of evidence as applied in a
nonjury civil case. MCL 24.275; MSA 3.560(175).
Evidentiary rulings in an administrative proceed-
ing are not the same as those in courts of law; for
example, hearsay evidence may be considered if it
is commonly relied on by reasonably prudent per-
sons in the conduct of their affairs. *Rentz v Gen-
eral Motors Corp,* 70 Mich App 249, 253; 245
NW2d 705 (1976), lv den 398 Mich 804 (1976).

We are persuaded by claimant's argument that
corporate financial records are commonly relied on
by reasonably prudent persons in the conduct of
their affairs. Moreover, it is conceivable to us that
the number of hours claimant worked could be
reconstructed from corporate records even if they
do not address this matter directly. For example,
the amount of money taken in by the corporation
would be an indication of the workload of the
employees, just as any sums paid to claimant
would be an indication of his workload.

Our conclusion that the corporate records are
admissible to support claimant's claim is bolstered
by the fact that, at the 1981 hearing, the hearing
officer suggested that claimant submit such re-
cords with any privileged matter deleted. Respon-
dent misreads the Supreme Court's 1986 order
when it argues that the order prevented the hear-

ing officer from receiving such records. The order states only that the records were not better evidence of hours worked than claimant's testimony. The order does not say that the records are not admissible to support claimant's claim. The parties' stipulation that the matter of diversion of corporate funds was no longer at issue is also no obstacle to the admission of corporate records to show hours worked. Respondent's argument to the contrary ignores the fact that the diversion issue is a separate question which has no bearing on the admission of evidence to show the number of hours worked.

The hearing officer's failure to consider claimant's testimony regarding the number of hours worked was another abuse of discretion. The hearing officer found claimant's testimony speculative and refused to give it any weight in reaching his decision on rehearing that claimant was ineligible for ADC-U benefits. We find that the hearing officer forced claimant to speculate by refusing to allow him to refresh his recollection from a study he had prepared from corporate records. Claimant was entitled to refresh his recollection under MRE 612, and we do not find it unreasonable that, after five years, claimant would need to refresh his memory as to hours worked by referring to his notes. It was arbitrary and capricious for the hearing officer to forbid claimant from doing so, particularly where the same hearing officer had demanded documentation to support claimant's testimony at the 1981 hearing.

Respondent's argument that claimant's study did not exist at the time of the first hearing is without merit. The records from which the study was made existed at the time of the first hearing, and, in any case, the 1986 proceeding was an entirely new hearing. See also MRE 1006.

We also find that the hearing officer did not properly carry out the Supreme Court's order to consider the effect of the *Oberschachtsiek* decision in the instant case. Despite his express finding that respondent's written negative action notice violated the *Oberschachtsiek* decision, the hearing officer found the decision inapplicable here because of respondent's alternative unwritten rationale that claimant had failed to verify the number of hours worked. We do not find substantial evidence on the record to support the conclusion that respondent had an alternative unwritten reason for denying claimant's application for ADC-U benefits. Respondent's case worker testified that the standard applied in claimant's case was the "availability" standard prohibited in the *Oberschachtsiek* decision. Respondent's actions were consistent with this improper standard. Respondent's Assistance Payments Policy 216 states: "ADC-U applications are pended, rather than denied, if unemployed status is the only eligibility factor which is not met at application." Had the "real reason" for denial of benefits been verification failure, as respondent claims, it would have pended the case under this regulation and sought additional information from claimant regarding the actual number of hours worked. However, because respondent mistakenly believed that claimant's availability for work made him ineligible for ADC-U benefits regardless of the hours actually worked, respondent found no reason to pend the case. Accordingly, we find that respondent violated the *Oberschachtsiek* decision in deed as well as in word.

We further disagree with respondent's argument that claimant waived his objection to the defective written notice. The hearing officer's finding that claimant had actual verbal notice of the verification issue is not supported by substantial evidence

on the record. Respondent's caseworker testified that she neither told claimant she had to make a determination of the number of hours he actually worked nor informed him that corporate records would be necessary for verification. In fact, the caseworker testified that she never asked claimant to keep track of his hours because she believed such figures were irrelevant where claimant was available to work more than one hundred hours per month. We find that claimant suffered material prejudice as a result of respondent's failure to properly notify him of a verification problem, in that he was denied the opportunity to prove his eligibility for ADC-U benefits. Accordingly, we will not deem his objection to respondent's improper notice waived. *Soto v Director of the Michigan Dep't of Social Services, supra,* 73 Mich App 272-273.

Reversed and remanded for a new hearing in accordance with this opinion.