HARDGES v DEPARTMENT OF SOCIAL SERVICES

Docket No. 106486. Submitted January 9, 1989, at Lansing. Decided June 19, 1989.

The Department of Social Services sent a notice to Ruby Hardges that her food stamp assistance was to be terminated. The reason given was that she had more people living in her home than were listed on her application. A hearing was held at which evidence was adduced that Hardges admitted to a DSS official that her brother had lived with her temporarily but that she was uncooperative in supplying information to determine her continuing eligibility. The hearing referee concluded that, because Hardges was aware of her brother's living arrangement and did not report to the department when asked, the department correctly concluded that she had refused to provide the information necessary to determine her continuing eligibility. Hardges appealed to the Genesee Circuit Court, alleging denial of due process. The court, Donald R. Freeman, J., affirmed. Hardges appealed.

The Court of Appeals *held:*

Due process requires the Department of Social Services to give a claimant notice in terms comprehensible to the claimant of the proposed agency action and the reason for taking the action in order to give the claimant an opportunity to effectively prepare for and address it. Failure to give Hardges notice that her failure to cooperate was the reason for the department's action denied her due process.

Reversed.

1. SOCIAL SERVICES — APPEAL.

The Court of Appeals will reverse a decision of the Department of Social Services only if the decision (1) violates the constitution or a statute, (2) exceeds the agency's authority or jurisdiction, (3) is made upon unlawful procedure, (4) is not supported by competent, material, or substantial evidence, (5) is arbitrary or

REFERENCES

Am Jur 2d, Administrative Law §§ 351-353, 359-364; Welfare Laws § 108.

See the Index to Annotations under Administrative Law; Due Process; Poor Persons.

capricious, or an abuse of discretion, or (6) is affected by a
substantial or material error of law.

2. SOCIAL SERVICES — NOTICE — DUE PROCESS.

  Due process requires the Department of Social Services to give a
  claimant notice in terms comprehensible to the claimant of the
  proposed agency action; the notice must include the reason for
  taking the action so that the claimant can adequately prepare
  for the hearing (MCL 24.271; MSA 3.560[171]).

*Legal Services of Eastern Michigan* (by *Sherri L. Katz*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donald S. McGehee,* Assistant Attorney General, for respondent.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MARILYN KELLY, J. Petitioner appeals as of right the circuit court's order affirming a decision of the Department of Social Services terminating her food stamp assistance. After a hearing, the department ruled that petitioner failed to cooperate with its efforts to verify the income or residence of petitioner's brother, Melvin Hodges. On appeal petitioner urges she was denied due process because she was not given notice of the reason for termination of her food stamp assistance before the hearing.

Petitioner resided in Flint with her three children and one grandchild. On February 3, 1986, a department employee visited her residence to assess her continued eligibility for food stamp assistance. The employee observed an unidentified male adult sleeping on the couch and a vehicle registered to Melvin Hodges in the yard. The employee did not question petitioner about the man.

On the basis of this home visit and two other

observations of Hodges' vehicle parked in petitioner's yard, the department sent petitioner notice that her food stamp assistance would be cancelled effective March 11. The notice cited PAM Item 220 and gave as the reason for cancellation: "[a] report that you have more people in [the] home than are listed on your application . . . ." Petitioner asked for a hearing and explained in her request that Melvin Hodges was her brother and lived at a different address, 417 Lorado Street.

A hearing was held before a referee on April 9. Donna Smith, a department employee, read into the record the contents of the hearing summary. Included within the report was a statement allegedly made by petitioner during a telephone conversation with a department employee on March 5. It quoted petitioner as admitting that Hodges, her brother, had lived with her temporarily since November, 1985. He was employed at General Motors. The report concluded: "She was unwilling to supply further information needed in determining continued eligibility, food stamp eligibility. The case was then processed for closure."

In response to an inquiry by the referee, Smith stated the case did not involve a sanction for failure to cooperate. The decision to cancel petitioner's food stamps, she said, was based on the February 3 home visit, not the March 5 telephone call.

Petitioner's proofs showed that Hodges visited her house but did not live there. Petitioner stated Hodges' mail was sent to her residence merely to provide a place for its delivery while he was in jail. Petitioner's attorney concluded in closing argument that the evidence proved Hodges was not living with petitioner.

The referee asked what criteria are used to determine if a person is living in a particular

household for the purpose of food stamp eligibility. The answer was nonresponsive. The department supervisor stated she had asked petitioner for Hodges' address during the March 5 telephone call and at the prehearing conference on March 19. She said that petitioner did not provide an address until the current hearing. At that point, petitioner's counsel refocused on the question and tried to explain how to determine if a person is living in a particular household.

The referee issued a written decision on April 14, 1986. He concluded that, because petitioner was aware of Hodges' living arrangement and did not report it to the department when asked, the department correctly concluded that she had refused to provide information necessary to determine her continued eligibility for food stamps.

In her appeal to the circuit court petitioner raised denial of due process. She pointed out that the Department had given her notice to be prepared at the hearing to challenge its ruling that her brother was living with her. However, when the hearing took place, a switch was made. The decision to revoke her food stamps was based on petitioner's failure to provide information about her brother.

The trial court affirmed the referee's decision. It ruled that due process requirements were satisfied in that the reason ultimately used for cancellation was closely enough related to the reason given petitioner prior to the hearing. We disagree.

Our review of department decisions is limited. We reverse only if the decision (1) violates the constitution or a statute, (2) exceeds the agency's authority or jurisdiction, (3) is made upon unlawful procedure, (4) is not supported by competent, material, or substantial evidence, (5) is arbitrary or capricious, or an abuse of discretion, or (6) is

affected by a substantial or material error of law. MCL 24.306; MSA 3.560(206); *Spratt v Dep't of Social Services,* 169 Mich App 693, 700; 426 NW2d 780 (1988); *Soto v Director of the Michigan Dep't of Social Services,* 73 Mich App 263; 251 NW2d 292 (1977).

Due process and the Administrative Procedures Act require that a party in a contested case be given timely and adequate notice detailing the reasons for the proposed administrative action. MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.;* MCL 24.271; MSA 3.560(171); *Goldberg v Kelly,* 397 US 254; 90 S Ct 1011; 25 L Ed 2d 287 (1970); *Rochester Community Schools Bd of Ed v State Bd of Ed,* 104 Mich App 569; 305 NW2d 541 (1970).

The requirements for notice are set forth at MCL 24.271; MSA 3.560(171):

> (2) The parties shall be given a reasonable notice of the hearing, which notice shall include:
>
> (a) A statement of the date, hour, place, and nature of the hearing. Unless otherwise specified in the notice the hearing shall be held at the principal office of the agency.
>
> (b) A statement of the legal authority and jurisdiction under which the hearing is to be held.
>
> (c) A reference to the particular sections of the statutes and rules involved.
>
> (d) A short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is given, the initial notice may state the issues involved. Thereafter on application the agency or other party shall furnish a more definite and detailed statement on the issues.

See also 7 CFR 273.13(a) (food stamp regulations).

We look to the federal courts for guidance when determining whether the department's notice ade-

quately explains the reasons for the proposed action. We are advised:

> At a minimum, due process requires the agency to explain, in terms comprehensible to the claimant, exactly what the agency proposes to do and why the agency is taking this action. If DES finds that a claimant has not performed some action that the regulations require, the notice must explain what the claimant was required to do and how his or her actions failed to meet this standard. See *Banks v Trainer,* 525 F2d 837, 842 (CA 7, 1975), cert den, 424 US 978; 96 S Ct 1484; 47 L Ed 2d 748 (1976); *Hill v O'Bannon,* 554 F Supp 190, 197 (ED Pa, 1982); *In re Clark,* 122 NH 888; 451 A2d 1303, 1304-1305 (1982). . . . This detailed information is needed to enable claimants to understand what the agency has decided, so that they may assess the correctness of the agency's decision, make an informed decision as to whether to appeal, and be prepared for the issues to be addressed at the hearing. See *Dilda v Quern,* 612 F2d [1055] 1056-1057; *Banks v Trainor,* 525 F2d [837] 842; *Jamroz v Blum,* 509 F Supp 953, 961-962 (ND NY, 1981). [*Ortiz v Eichler,* 616 F Supp 1046, 1061 (D Del, 1985), aff'd 794 F2d 889 (CA 3, 1986).]

In this case, the initial written notice given petitioner did not reference failure to cooperate or verify information. At the place on the notice calling for the law and regulation or the manual items used in taking the proposed action, the relevent references are missing.

During the hearing, the department employee specifically stated the case did not involve a failure-to-cooperate sanction. The only evidence regarding petitioner's cooperation came in response to questions by the referee after both petitioner and the department had closed their proofs. The first mention that the failure to cooperate is the reason for cancelling petitioner's food stamps came

after the hearing in the referee's written decision. He formulated the issue as follows:

Did the department correctly decide to close claimant's food stamps because she failed to cooperate with the department's efforts to verify the income or residence of Melvin Hodgers [sic]?

We conclude that the department did not give petitioner adequate notice of the reason for termination of her food stamp assistance. In failing to cite the reason in the notice prior to hearing, the department denied her the opportunity effectively to prepare for and address it. The lack of notice prevented her from obtaining a full and fair hearing and deprived her of her right to due process.

Reversed.