MITCHELL v COLE (AFTER REMAND)

Docket Nos. 120854, 121317, 121318. Submitted May 5, 1992, at Detroit. Decided June 23, 1992; approved for publication November 4, 1992, at 9:05 A.M.

Beverly A. Mitchell and others brought an action in the Wayne Circuit Court against Kenneth L. Cole, D.O., the Department of Corrections, and others, alleging various claims in tort and violation of the plaintiffs' federal civil rights and state constitutional rights. The plaintiffs also brought an action in the Court of Claims against the Department of Corrections, alleging similar claims. The cases were consolidated, and Dalton A. Roberson, J., was assigned to the Court of Claims to preside over both actions. The jury in the circuit court action awarded damages to the plaintiffs for torts committed against them. The Court of Claims also awarded damages against the department for unspecified violations. The damage awards in both actions then were trebled pursuant to MCL 600.2907; MSA 27A.2907, and the plaintiffs were awarded costs and attorney fees. The defendants in each action appealed, and the plaintiffs cross appealed. The appeals were consolidated. The Court of Appeals, DANHOF, C.J., and HOOD and R. L. TAHVONEN, JJ., affirmed in part, reversed in part, and remanded for further consideration. 176 Mich App 200 (1989). On remand, the circuit court ordered the payment of attorney fees in connection with violations of the Civil Rights Act, 42 USC 1983 *et seq.* The defendants appealed from that order, and the plaintiffs cross appealed. (Docket No. 120854.) The circuit court also ordered that the plaintiffs were entitled to damages in both cases. The defendants appealed. (Docket No. 121317.) An identical order was entered in the Court of Claims. The Department of Corrections appealed. (Docket No. 121318.) The appeals were consolidated.

After remand, the Court of Appeals *held:*

1. The orders providing for the payment of damages in both

REFERENCES

Am Jur 2d, Civil Rights § 278.

Construction and application of Civil Rights Attorney's· Fees Awards Act of 1976 providing that court may allow prevailing party, other than United States, reasonable attorney's fee in certain civil rights actions. 43 ALR Fed 243.

cases addressed an issue not properly before the trial courts on remand. Because the trial courts acted outside the scope of the directive on remand, i.e., to resolve the damage issues previously addressed by the Court of Appeals and to award attorney fees, the orders must be set aside.

2. The circuit court erred in awarding the plaintiffs enhancement of attorney fees under 42 USC 1988. The reasons articulated by the court for enhancement, i.e., the risky nature of this specific case and the novelty and complexity of the issues, were both incorrect and insufficient. Reversal of the award and remand for reconsideration of the issue is required.

3. The Court of Claims properly excluded from the award of attorney fees the amount of attorney fees expended in pursuit of that action. Because the Court of Appeals originally determined that the trial court erred in failing to dismiss the federal civil rights claims against the department in the Court of Claims, the plaintiffs were not a prevailing party in that action for purposes of 42 USC 1988.

4. The plaintiffs may not challenge, on second remand, the reduction of attorney fees attributable to pursuit of the treble damage issue in the Court of Claims because they were not a prevailing party in that action. However, the plaintiffs may ask for an upward adjustment with regard to the fees generated in pursuing the treble damage issue in the circuit court.

Affirmed in part, reversed in part, and remanded.

NEFF, J., concurring in the result, stated that the majority placed too much emphasis on the oral statements of the circuit court in addressing the issue of enhancement of the attorney fees under 42 USC 1988, and too little emphasis on its written order. The court's order, rather than its oral statements, should be emphasized on appeal. The order clearly focused on more than the risky nature of this specific case. The emphasis on the fact that the plaintiffs' counsel accepted this case on a contingent fee basis was appropriate in determining whether enhancement was proper. Nevertheless, the case must be remanded for reconsideration because the court may have taken into consideration other, impermissible factors.

1. CIVIL RIGHTS — ATTORNEY AND CLIENT — ATTORNEY FEES — ENHANCEMENT OF FEES — UNITED STATES CODE.

Neither the risky nature of a specific case nor the novelty and complexity of the issues is an appropriate reason for the enhancement of attorney fees under 42 USC 1988.

2. CIVIL RIGHTS — ATTORNEY AND CLIENT — ATTORNEY FEES — PREVAILING PARTY — UNSUCCESSFUL CLAIMS — UNITED STATES CODE.

A prevailing party in an action brought under 42 USC 1988 may

not recover attorney fees for time spent litigating unsuccessful claims in that action to the extent that the time spent is separable.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Michael E. Cavanaugh*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *A. Peter Govorchin,* Assistant Attorney General, for the defendants.

AFTER REMAND

Before: SAWYER, P.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. In Docket No. 120854, defendants appeal from an August 28, 1989, order of the Wayne Circuit Court awarding attorney fees in connection with violations of the Civil Rights Act, 42 USC 1983 *et seq.,* and plaintiffs cross appeal from the same order, which reduced the fees due plaintiffs' counsel by $11,655. In Docket No. 121317, defendants appeal from a September 18, 1989, order of the circuit court that determined that plaintiffs were entitled to recover damages under both the circuit court jury award and a Court of Claims award. In Docket No. 121318, the Department of Corrections appeals from an identical order that was entered in the Court of Claims. The appeals were consolidated by the Court of Appeals. In Docket No. 120854, we reverse in part and remand for a further determination of reasonable fees. We affirm in relation to the cross appeal. In Docket Nos. 121317 and 121318, we decline to address the merits of the issue raised, but set aside the orders appealed from.

These appeals arise out of actions by staff mem-

bers of the Department of Corrections that were found to be tortious and in violation of plaintiffs' federal civil rights and state constitutional rights. A detailed description of the incident appears in *Mitchell v Cole,* 176 Mich App 200, 205-207; 439 NW2d 319 (1989). Plaintiffs brought suit against the individually named defendants in the Wayne Circuit Court and against the Department of Corrections in the Court of Claims. The cases were consolidated and the Wayne Circuit judge was assigned to the Court of Claims to preside over the Court of Claims action as well as the circuit court action.

At the conclusion of the trial, the jury in the circuit court action awarded damages to plaintiffs for torts committed against them in violation of their federal civil rights and state constitutional rights. The Court of Claims also awarded damages against the department for unspecified violations. The circuit court then trebled the damages, pursuant to MCL 600.2907; MSA 27A.2907, which allows treble damages for malicious prosecution, against defendants in both the circuit court and Court of Claims actions.

The parties appealed to this Court, which affirmed in part, reversed in part, and remanded for further consideration. See *Mitchell, supra* at 215. One of the reasons for reversal was the trial court's failure to dismiss on the basis of governmental immunity plaintiffs' federal civil rights and tort claims against the department. This Court remanded for a determination regarding whether the amount of fees awarded by the trial court was appropriate under 42 USC 1988. This Court also reversed the award of treble damages because plaintiffs' claim was for abuse of process and not malicious prosecution.

On remand, defendants contested the award of

fees and the ability of plaintiffs to collect both the circuit court and Court of Claims judgments. A hearing was held to determine the amount of fees, at which time defendants raised the question whether plaintiffs were entitled to collect both awards. On August 28, 1989, the trial court entered an order for payment of attorney fees in relation to the circuit court case. This order is the subject of the appeal and cross appeal in Docket No. 120854. On September 18, 1989, the trial court entered a second order, which stated that plaintiffs were entitled to collect both judgments.

Defendants' first argument is that the trial court erred in ordering payment of damages in the circuit court and the Court of Claims. We decline to address this issue because the trial court acted outside the scope of the directive on remand, which was to resolve those damage issues addressed by this Court in the initial appeal and to award attorney fees. See *Mitchell, supra* at 217-218. Accordingly, this issue was not properly before the trial court and the orders addressing it must be set aside. See *VanderWall v Midkiff,* 186 Mich App 191, 201; 463 NW2d 219 (1990).[1]

Defendants next argue that the trial court erred in awarding plaintiffs an enhancement of attorney fees under 42 USC 1988. We agree and reverse and remand for reconsideration of the fee issue. Under federal law, a party who prevails in any action enumerated under 42 USC 1988 may recover reasonable attorney fees as part of its costs. 42 USC 1988; *Blum v Stenson,* 465 US 886, 896-897; 104 S Ct 1541; 79 L Ed 2d 891 (1984). The traditional method for determining reasonable attorney fees is

---

[1] Defendants did not move for relief from either the circuit court or Court of Claims judgment below, presumably because neither of the judgments has been satisfied. Defendants will still have the opportunity to move for relief from judgment once one of the judgments is paid. See MCR 2.612(C)(1)(e).

to calculate the product of the reasonable hours spent on the case and the reasonable hourly rate to be charged. *Hensley v Eckerhart,* 461 US 424, 433; 103 S Ct 1933; 76 L Ed 2d 40 (1983).

Under certain conditions, courts have recognized an upward or downward adjustment of attorney fees. *Id.* at 434; *Howard v Canteen Corp,* 192 Mich App 427, 439; 481 NW2d 718 (1992). The burden of establishing the circumstances under which an enhancement is appropriate is on the fee applicant. *Blum, supra* at 898. Conclusory statements regarding the complexity of the case and significant results are not enough to justify enhancement. *Id.* The determination whether an enhancement is appropriate in each case is within the discretion of the trial court. *Pennsylvania v Delaware Valley Citizens' Council for Clean Air,* 483 US 711, 728; 107 S Ct 3078; 97 L Ed 2d 585 (1987). We have recently recognized that this discretion is limited and that an enhancement should be saved for those rare circumstances where an attorney's work is so superior and outstanding that it exceeds the client's expectations. *Howard, supra* at 439. In addition, where the enhancement is necessary to attract competent counsel, the court may apply a multiplier within reason. *Id.* at 439-440.

The total fee award for the period preceding the initial appeal was $88,833. That number reflected an enhancement by the trial court by a factor of 1.5. In the initial appeal, we did not decide whether the court erred in enhancing the fee. Instead, we ordered that the attorney fee issue be resolved on remand. *Mitchell, supra* at 217. On remand, plaintiffs requested that the trial court affirm its initial award of $88,833 and award an additional $69,000 in attorney fees for the period not covered by the earlier award. Upon defendants' request, the trial court deducted the

amount of plaintiffs' fees expended in pursuit of the Court of Claims action, leaving a base award of $57,710.47 for the second period. The trial court then multiplied this base award by a factor of 1.5, leaving an award of $86,565.71 for the second period. Thus, the total fee award involved in this appeal is $175,398.71 plus interest.

In Justice O'Connor's concurring opinion in *Delaware Valley,* she cautioned that a court should not award any enhancement based on legal risks or risks peculiar to the case at hand. *Delaware Valley, supra* at 734. Justice O'Connor further opined that a court may not enhance a fee any more than necessary to bring the fee within the range that would attract competent counsel. *Id.* at 733. In addition, the Supreme Court has made it clear that neither complexity of the issues nor novelty of the case is an appropriate factor in determining whether an enhancement is warranted. *Blum, supra* at 898-899. Such factors are presumably reflected by the amount of hours billed and the hourly rate charged. *Id.*

Although some of the reasons for the trial court's enhancement of the award appear in the order from which this appeal is taken, the trial court stated on the record only that it thought "there is plenty [of] basis for enhancement of fees."[2] The reasons articulated by the trial court for enhancement of fees are both incorrect and insufficient to allow an enhancement.

Just before the trial court ruled on the enhancement, it stated as follows:

You know when this case started before me Mr.

---

[2] Although it is true that the order recites some of the appropriate factors that are to be considered in determining whether enhancement is justified, we cannot ignore the statements made by the trial court on the record.

Govorchin, I wouldn't have given Mr. Cavanaugh three dollars for the chances of success. I mean, you know, his theory, their theory was that the defendant, plaintiff, should win on the basis that they used the LEIN machine. That's the first time I heard that, that they used the LEIN machine administratively wrong merely to thwarts [sic] this defendant's [sic] performance of her duties as a union representative because they were dissatisfied with the way she was representing that individual. That's a novel and risky type case.

From this passage, it is clear that the trial court focused on the risky nature of this specific case, along with the novelty and complexity of the issues. Because these are inappropriate reasons for enhancing a fee award, we reverse and remand for reconsideration of the issue. On remand, the trial court shall limit its consideration to factors that are permissible under the current state of the law. See *Howard, supra* at 439-440.

In their cross appeal, plaintiffs argue that the trial court erred in deducting the amount of attorney fees expended in pursuit of the Court of Claims action. We disagree. When the case initially came to this Court, we determined that the trial court erred in failing to dismiss the federal civil rights claims against the department in the Court of Claims action. *Mitchell, supra* at 215. Under 42 USC 1988, only a party who prevails under the enumerated statutes may recover fees. Inasmuch as this Court determined that the federal civil rights claims against the department were barred by governmental immunity, plaintiffs cannot be considered a prevailing party in the Court of Claims for the purpose of 42 USC 1988.

A prevailing party cannot be compensated for time spent litigating unsuccessful claims to the extent that the time spent is separable. See *Hens-*

*ley, supra* at 434-435; *Wooldridge v Marlene Industries Corp,* 898 F2d 1169, 1175 (CA 6, 1990). In this case, it became clear after this Court decided the first appeal that the Court of Claims damages did not flow from a violation of plaintiffs' federal civil rights. Accordingly, any fees spent by plaintiffs in pursuing their action in the Court of Claims were properly excluded.

Plaintiffs also contend that the trial court erred in reducing the award by the amount of fees generated in pursuit of the treble damages under MCL 600.2907; MSA 27A.2907. However, plaintiffs do not specify what these fees were. Thus, even if it was improper for the trial court to reduce the fee award by the amount of fees spent to obtain treble damages, we cannot fashion a remedy on the record before us. On remand, plaintiffs may not challenge the reduction of fees attributable to pursuit of the treble damage issue in relation to the Court of Claims action, because they were not a prevailing party in that action. To the extent that plaintiffs can separate those fees generated in pursuing the treble damage issue in circuit court, plaintiffs can ask for an upward adjustment on remand.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

NEFF, J. *(concurring).* I concur in the result reached in this case but write separately to express a disagreement with the reasoning expressed in that part of the majority opinion that addresses the enhancement of attorney fees under 42 USC 1988. The majority opinion, in my view, places too much emphasis on the oral statements of the trial court and inadequate emphasis on its written order. A court speaks through its written orders and,

accordingly, it is my opinion that the emphasis should be reversed. *Tiedman v Tiedman,* 400 Mich 571, 576; 255 NW2d 632 (1977); *Boggerty v Wilson,* 160 Mich App 514, 530; 408 NW2d 809 (1987). Moreover, I believe that the reasons expressed in the written order are valid, and this should be reflected in the opinion.

I

The text of the order appealed from regarding the enhancement of fees requested by plaintiffs under 42 USC 1988 reads as follows:

A. The Court finds that the Plaintiffs have prevailed on nearly every significant issue in this case and have recovered a substantial monetary judgment for their damages and have also been granted a permanent injunction.

B. The Court further finds that the case involved important constitutional rights, including the rights of free speech, free assembly, right to petition government, the right to equal protection of the laws, and the right to be free from sex and race discrimination. The Plaintiffs have prevailed and have vindicated all of these important constitutional rights.

C. The Court finds that the fees being awarded by the Court are fair and reasonable and that they are in an amount necessary to attract competent counsel to handle cases such as this case. The Court notes that since the State was a Defendant in this case, it was clear from the beginning that the case would be vigorously defended by competent counsel and by Defendants with substantial assets for defense. The Court also notes that in this case, valuable, but intangible, constitutional rights were at stake and there was no obvious out-of-pocket loss or physical injuries to the Plaintiffs. In such cases it is often difficult to find competent counsel to take the Plaintiffs' case on a contingent

fee basis because there is no certainty or even probability of a large damage verdict.

D. The Court also finds that there was a very real risk that the Plaintiffs would not prevail in this case because the Defendants insisted that they acted in good faith; that they acted in respect to these Plaintiffs as they acted to all other visitors to the prison; and that the law required them to report all LEIN hits to the police agencies. It was only after a trial on the merits that it was clear that the facts and the law did not support the Defendants' positions.

E. The Court also finds that in order to attract competent counsel to handle Plaintiffs' civil rights claims of the type involved in this case, an enhancement of normal hourly rates is necessary to compensate for the risk of nonrecovery and for the delay in payment. In many areas of the law, the enhancement of normal hourly rates awarded by the marketplace in contingent fee cases is 100 percent or greater. The Court finds that the enhancement awarded by the Court in this case is fully justified and necessary to assure the availability of competent counsel.

F. The Court finds that the hours of service reflected on the detailed bill provided by Plaintiffs' counsel are well documented and reasonable. The Court also finds that the hourly rates requested by Plaintiffs' attorney and awarded by the Court are reasonable.

The order clearly shows that the trial court focused on more than "the risky nature of this specific case." In fact, the court's emphasis was more on the fact that this was a contingent fee case. In Justice O'Connor's opinion in *Pennsylvania v Delaware Valley Citizens' Council for Clean Air,* 483 US 711; 107 S Ct 3078; 97 L Ed 2d 585 (1987), heavily relied upon in the majority opinion, Justice O'Connor concurred with the four dissenters in holding that compensation for this factor,

i.e., that the plaintiff's counsel accepted the case on a contingent fee basis, is proper in determining whether enhancement is appropriate. It should be noted that there was no majority opinion in *Delaware Valley, supra,* and that its holding is limited to its facts.

II

I agree with the majority that the trial court may have taken into consideration impermissible factors and that remand for reconsideration of this issue is justified. However, I would hold that it is not impermissible to consider the contingency fee issue as the trial court did in the order appealed from.