HARDGES v DEPARTMENT OF SOCIAL SERVICES

Docket No. 130316. Submitted February 10, 1993, at Detroit. Decided April 8, 1993; approved for publication July 21, 1993, at 9:10 A.M.

Ruby Hardges petitioned the Genesee Circuit Court for review of a decision by the Department of Social Services and its director to terminate her food stamp privileges. The court, Donald R. Freeman, J., affirmed. The Court of Appeals, GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ., reversed, ruling that the petitioner was denied due process of law because she was not given proper notice of the reasons for termination. 177 Mich App 698 (1989). The petitioner then sought in the circuit court an award of attorney fees under 42 USC 1988, contending that she was a prevailing party in a proceeding under 42 USC 1983 to enforce her constitutional rights. The circuit court denied the petition for attorney fees. The petitioner appealed.

The Court of Appeals *held:*

Attorney fees are awardable under 42 USC 1988 to a party who prevails in an action or proceeding against a person for enforcement of rights protected by 42 USC 1983. A state agency is not a "person" to whom liability can attach under 42 USC 1983, because Congress, in enacting 42 USC 1983, did not intend to abrogate states' immunity from suit as provided in the Eleventh Amendment. Such immunity is avoided by a plaintiff whose complaint seeks only prospective injunctive relief against a state official acting in an official capacity.

In this case, the circuit court correctly denied the petition for attorney fees, because the Department of Social Services cannot be considered a person for purposes of 42 USC 1983 and the petitioner's judicial review proceeding under the Administrative Procedures Act is not an action or proceeding that seeks

REFERENCES

Am Jur 2d, Civil Rights § 278; Costs § 79.

Construction and application of Civil Rights Attorney's Fees Awards Act of 1976 (amending 42 USCS sec. 1988), providing that court may allow prevailing party, other than United States, reasonable attorney's fee in certain civil rights actions. 43 ALR Fed 243.

only prospective injunctive relief against a state official acting in an official capacity.

Affirmed.

Administrative Law — Agency Decisions — Judicial Review — Attorney Fees — Civil Rights.

A person who, upon judicial review pursuant to the Administrative Procedures Act, prevails against a state agency with respect to a decision by the agency that is determined to have violated a constitutional right of the person is not entitled to an award of attorney fees under 42 USC 1988; such judicial review is not a proceeding for the enforcement of a constitutional right within the meaning of 42 USC 1983 for which attorney fees are allowed under 42 USC 1988 (MCL 24.301 *et seq.*; MSA 3.560[201] *et seq.*).

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Sherri L. Katz*), and Legal Services of Eastern Michigan (by *Terri L. Stangl*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morris J. Klau,* Assistant Attorney General, for the respondent.

Before: Jansen, P.J., and Cavanagh and P. D. Schaefer,* JJ.

Per Curiam. Petitioner appeals a June 8, 1990, Genesee Circuit Court order denying her petition for attorney fees under 42 USC 1988. Petitioner alleges that because her petition was properly filed in the circuit court and because her constitutional rights had been violated in a prior agency proceeding, she must be considered a prevailing party under 42 USC 1983, thereby entitling her to fees under 42 USC 1988. We disagree and affirm.

This case appears before this Court for the second time. Previously, this Court concluded that respondents denied petitioner due process of law when they failed to give her proper notice of the reasons for termination of her food stamp privi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

leges.[1] See *Hardges v Dep't of Social Services,* 177 Mich App 698; 442 NW2d 752 (1989). On remand, petitioner filed a petition for attorney fees under 42 USC 1988. The trial court denied her request and dismissed the petition because it did not believe that petitions for review of an administrative decision were the type of "proceedings" contemplated in § 1988.

In order to be entitled to an award of attorney fees under § 1988, a party must prevail in one of the causes of action enumerated in the statute. *Mitchell v Cole (After Remand),* 196 Mich App 675, 679; 493 NW2d 427 (1992). The relevant portion of § 1988 provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

One of the enumerated claims is an action to enforce rights recognized under 42 USC 1983, which states:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] The opinion does not specify whether respondents violated petitioner's due process rights as protected under the federal or the state constitution. While it is true that the opinion referred to federal regulations in regard to the notice requirements for termination of food stamp benefits, it appears that the Court did so only in an effort to determine what was required under the Michigan notice requirements.

injured in an action at law, suit in equity, or other proper proceeding for redress. [42 USC 1983. Emphasis added.]

Thus, a party who prevails in an action brought to enforce the rights guaranteed under § 1983 may be awarded attorney fees under § 1988 as part of the costs.

The United States Supreme Court has limited the applicability of § 1983 to "persons" and has expressly held that a state agency is not a "person" for purposes of the statute. *Howlett v Rose,* 496 US 356; 110 S Ct 2430; 110 L Ed 2d 332 (1990); *Will v Michigan Dep't of State Police,* 491 US 58, 66; 109 S Ct 2304; 105 L Ed 2d 45 (1989). As such, the use of "person" in the statute was not meant to create a separate cause of action against states in state courts. *Id.* The rationale behind the Court's decision in *Will* was that because the Court had previously determined that Congress did not intend to abrogate the states' Eleventh Amendment immunity from suit in enacting § 1983 (see *Quern v Jordan,* 440 US 332; 99 S Ct 1139; 59 L Ed 2d 358 [1979]), it could not be said that Congress intended to abrogate governmental immunity and create a separate cause of action against states in state courts.

While it is generally true that a state is not considered a person within the meaning of 42 USC 1983, a plaintiff may avoid Eleventh Amendment immunity (and presumably statutory immunity) where the complaint seeks only prospective injunctive relief against a state official acting in an official capacity. See *Edelman v Jordan,* 415 US 651, 676; 94 S Ct 1347; 39 L Ed 2d 662 (1974); *Ford Motor Co v Dep't of Treasury,* 323 US 459, 464; 65 S Ct 347; 89 L Ed 389 (1945); *Ex parte Young,* 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908). The

Supreme Court recently made it clear that the exception for prospective injunctive relief was limited to suits against state officials in their official capacities and did not apply to states as named defendants. *Alabama v Pugh,* 438 US 781; 98 S Ct 3057; 57 L Ed 2d 1114 (1978).

In this case, the petition for review, although alleging certain violations of those rights protected under 42 USC 1983, cannot properly be classified as an action or proceeding to enforce rights protected by 42 USC 1983 because it was not against a "person" and was not a request for prospective injunctive relief against a state official acting in an official capacity. Rather, it was a petition for relief from an administrative agency action that was taken in contravention of her rights. Petitioner's attempt to convince us that the Legislature of this state sought to consent to suit under 42 USC 1983 by providing remedial methods to set aside agency decisions that are violative of rights protected under the state or federal constitutions is unpersuasive.

Petitioner admits in her brief that she need not have exhausted her administrative remedies before commencing a suit under 42 USC 1983. See *Patsy v Florida Bd of Regents,* 457 US 496; 102 S Ct 2557; 73 L Ed 2d 172 (1982), and 42 USC 1997e. It is true that petitioner was arguably a prevailing party under § 1983 insofar as her right to due process of law is protected by the federal constitution. However, she chose to pursue the enforcement of those rights in a proceeding solely within the provisions of the Administrative Procedures Act, MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.,* and the Social Welfare Act, MCL 400.37; MSA

16.437, and did not file an action to vindicate those rights under 42 USC 1983.[2]

Inasmuch as this proceeding was a voluntary choice by petitioner to enforce her rights under Michigan law through statutory review of the administrative agency's action, it cannot be considered as one brought to enforce her rights arising under 42 USC 1983. Where, as here, a petition for review under state administrative law is filed on the basis of an agency's failure to comply. with state administrative procedures, we do not believe that attorney fees under § 1988 would be appropriate. Accordingly, the trial court properly denied petitioner's request for fees under 42 USC 1988.

Affirmed.

---

[2] We are similarly unpersuaded by petitioner's argument that her reference to 42 USC 1983 in the petition constituted a sufficient pleading for an action under 42 USC 1983. In the context of petitioner's petition in the circuit court, 42 USC 1983 was merely a reason to invalidate the agency action and did not give rise to a separate action for enforcement of her rights under § 1983.