### Kevin Bruce GARRETT, Plaintiff/Appellee,

v.

### MAZDA MOTORS OF AMERICA, Defendant,

and

### Matthews Oldsmobile, Cadillac, Mazda, Inc., Defendant/Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 31, 1992.

Application for Permission to Appeal Denied by Supreme Court Dec. 7, 1992.

Michael A. Walker, Jamestown, for plaintiff/appellee.

William T. Alt, Elizabeth G. Alt, Chattanooga, for defendant/appellant.

## OPINION

CANTRELL, Judge.

There are two questions involved in this appeal: (1) Where, under the state's Lemon Law, Tenn.Code Ann. § 55–24–201, et seq., the trial judge orders the manufacturer to take back an automobile and refund the sales price to the purchaser, may the trial judge also award damages against the dealer? and (2) Did the dealer's agent make actionable misrepresentations to the purchaser concerning the automobile? We answer both questions in the affirmative and affirm the judgment of the trial court.

### I.

On October 12, 1988, the plaintiff purchased a Mazda RX–7 with 14,582 miles on it from the defendant dealer. A salesman said the car had been used as a demonstrator and that he, himself, had used it for his personal use and had "babied it to death." The salesman did not disclose that the car had been stolen from the dealer and driven 10,000 miles before the thief was apprehended nor that the dealer had to replace the engine after the car had been driven only approximately 3,000 miles.

The plaintiff got a new car warranty and purchased a warranty extension. Three weeks after the purchase, the plaintiff wrecked the car causing $3,217.30 in damages. The car used an excessive amount of oil and the plaintiff complained that the engine smoked and was noisy, the cooling system leaked, and the clutch slipped. At 27,639 miles the dealer agreed to replace the engine.

The purchaser continued to have problems with the engine, however, and experienced other mechanical problems with the door locks, the sun roof, and the tape player. The dealer attempted without success to repair the car several times. Plaintiff's attorney contacted the manufacturer and learned for the first time that the car had been stolen and subsequently recovered from the thief. Plaintiff offered to rescind the transaction but the dealer told him to contact the manufacturer or the bank. The plaintiff continued to drive the car and

wrecked it again causing over $3,000 in damages. In 1990, the plaintiff quit driving the car when he discovered that the underside of the car got red hot in ordinary driving. The plaintiff had driven the car over 48,000 miles.

The plaintiff sued the manufacturer and the dealer for breach of warranty and for rescission pursuant to the Tennessee Lemon Law, Tenn.Code Ann. § 55–24–201, et seq. After a bench trial, the Circuit Court of Putnam County entered a judgment against the manufacturer requiring it to accept return of the car and refund the purchase price less approximately $4,000, which the court estimated was the value of the use to the plaintiff. The court also entered a judgment against the dealer for fraud and breach of contract in the amount of $4,000 plus $10,000 in punitive damages.

### II.

The manufacturer has not appealed from the judgment entered against it. The dealer, however, asserts on appeal that the doctrine of election of remedies bars the plaintiff from recovering anything after the court rescinded the contract.

Under certain circumstances, a plaintiff may be required to elect between inconsistent remedies. *Barnes v. Walker*, 191 Tenn. 364, 234 S.W.2d 648 (1951). The purpose of requiring an election is to prevent a double recovery for a single wrong. *Purcell Enterprises, Inc. v. State*, 631 S.W.2d 401 (Tenn.App.1981). In applying the rule, courts have said a party cannot repudiate a contract on one hand and claim the benefits of the contract on the other. *Isaacs v. Bokor*, 566 S.W.2d 532 (Tenn. 1978); *Tidwell v. Chattanooga Boiler & Tank Co.*, 163 Tenn. 420, 43 S.W.2d 221 (1931). The remedies, however, must be truly inconsistent. *Holder v. Martin*, 219 Tenn. 165, 407 S.W.2d 461 (1966). There is nothing inconsistent between a claim for rescission of a contract and a claim for fraud in procuring the contract. *Silvers v. TTC Industries, Inc.*, 395 F.Supp. 1312 (M.D.Tenn.1970), affd. 513 F.2d 632 (6th Cir.1975). Similarly, claims for rescission and for punitive damages are not inconsis-

tent. *Hutchison v. Pyburn,* 567 S.W.2d 762 (Tenn.App.1977).

In addition to these principles, the statute creating the remedy under the state's Lemon Law says that the remedy it provides (requiring the manufacturer to accept return of the vehicle and refund the purchase price, Tenn.Code Ann. § 55–24–203) shall not limit the remedies otherwise available to the consumer. Tenn.Code Ann. § 55–24–210(a). Thus, we think the trial judge was justified in requiring the manufacturer to accept the car and refund a portion of the purchase price and ordering the dealer to pay a judgment for damages to the purchaser under some other theory.[1] The only restriction on the right to pursue both remedies is imposed in Tenn.Code Ann. § 55–24–210(b) where the statute requires a plaintiff to prove fault in order to recover more than a refund on the purchase price.

### III.

The dealer also asserts that the representations made prior to the sale come under the heading of general sales talk and that there is no causal connection between the representations and the injury.

### A.

With respect to the statements made to the plaintiff prior to the sale, we think they cross over the line between "puffing" or "sales talk" and actual misrepresentations. The dealer's sales person represented to the buyer that the car had been used as a demonstrator—primarily by the salesman himself—and had "been babied to death," when in fact, the car had been stolen and driven 10,000 miles by a thief. While we agree with the Supreme Court's observation in *Simmons v. Evans,* 185 Tenn. 282, 206 S.W.2d 295 (1947), that the difficulty in fraud cases is in applying the general principles to a particular set of facts, we think the dealer had a duty to disclose the fact of the theft. "A party to a contract has a duty ... to disclose any material fact affecting the essence of the

... contract, unless ordinary diligence would have revealed the undisclosed fact." *Lonning v. Jim Walter Homes,* 725 S.W.2d 682 at 685 (Tenn.App.1986). *See also Simmons v. Evans,* 185 Tenn. 282, 206 S.W.2d 295 (1947). A failure to disclose material facts when one is under a duty to make disclosure amounts to fraud. *Dozier v. Hawthorne Development Co.,* 37 Tenn. App. 279, 262 S.W.2d 705 (1954).

### B.

In addition, we think a seller who induces a purchaser to buy an article of property by misrepresenting or concealing a material fact is liable for the damages that are the natural and proximate result of the fraud. *See* 37 Am.Jur.2d *Fraud and Deceit* § 351. The evidence shows that the fraudulent representations and concealment by the dealer induced the plaintiff to purchase the defective vehicle resulting in extended inconvenience and the ultimate necessity to sue for rescission and damages. There is a causal connection between the fraud and the injury.

The dealer also contends that, since the trial judge found that the only defects in the car were manufacturing defects, there is no causal link between the misrepresentations and the plaintiff's harm. We, however, are not persuaded that all of the difficulties the plaintiff experienced with the car relate to manufacturing defects. A part of the troubles experienced by plaintiff were related to the concealed history of the vehicle.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Putnam County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.

1. While the trial judge awarded damages against the dealer for "breach of contract" we think theory supported by the proof is fraud in the procurement of the contract. That is the only

theory which would justify the award of punitive damages. *See B.F. Meyers & Son v. Evans,* 612 S.W.2d 912 (Tenn.App.1980).