Steve ELLIS; Kaye Ellis, Appellants,

v.

CITY OF YANKTON, SOUTH DAKOTA, a Municipal Corporation; Terry Crandall, Individually, and as Mayor of the City of Yankton; William R. Ross, Individually and as City Manager of and for the City of Yankton; Eugene Hoag, Individually and as City Engineer of and for the City of Yankton, Appellees.

No. 95–1010.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1995.

Decided Nov. 14, 1995.

1. The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of

South Dakota.

Charles E. Light, Yankton, SD, argued for appellants.

Mark W. Haigh, Sioux Falls, SD, argued for appellees.

Before BEAM, ROSS and MURPHY, Circuit Judges.

ROSS, Circuit Judge.

Appellants Steve and Kaye Ellis appeal from the district court's [1] dismissal of their lawsuit brought under 42 U.S.C. §§ 1982, 1983, and 1985(3). Appellants claim the City of Yankton, its mayor, and other city officials (collectively referred to as "the City") violated the appellants' due process rights by arbitrarily and capriciously refusing to issue a building permit for improvement of certain real estate because of delinquent special assessments allegedly attributable to the property. We affirm.[2]

We recite the facts in the light most favorable to the appellants. In 1978, the City of Yankton levied special assessments for sewer, water and curb improvements against certain real estate located in the City of Yankton (hereinafter referred to as "the lots"). The special assessments were not paid and in 1979, the City certified the delinquent special assessment installments to the Yankton County auditor for collection, pursuant to South Dakota law.

When a subsequent tax sale proceeding produced no bidders, Yankton County bid on the lots for the full amount of unpaid taxes and special assessments, penalties, interest and costs. In early 1986, after the statutory period of redemption, Yankton County acquired title to the lots by tax deed.

Yankton County held the lots as surplus real estate for approximately two years, until October 1988, when appellants purchased several of the lots at a public auction conducted by Yankton County. The City continued to claim the existence of special assessments against the property. When the appellants refused to pay the special assessments, the City initiated litigation to collect the assessments. The initial lawsuit resulted

---

1. Hon. John Bailey Jones, United States District Judge for the District of South Dakota.

2. Appellants originally argued the City's failure to issue the building permit violated both their procedural and substantive due process rights. On appeal, they pursue only the issue related to violation of their substantive due process rights.

in summary judgment in favor of the appellants. The trial court held that, as a matter of law, the City was not a proper party to collect the special assessments, which could only be collected by Yankton County.

On or about December 30, 1992, appellants entered into a purchase agreement for sale of five of the lots to Skogen–Peterson, Inc. (S–P). The actual closing on the property, however, did not occur until March 1994. In June of 1993, S–P started preparing for construction of a commercial building on the property, and toward that end, S–P submitted plans and specifications to the city inspector's office and informally requested a building permit. S–P did not make an official application for a building permit until December 28, 1993. On October 13, 1993, counsel for the City advised appellants and S–P that the City would not issue a permit until the special assessments were paid. S–P refused to pay appellants for the property because of the City's refusal to issue the building permit.

On July 8, 1993, appellants commenced a quiet title action against the City and the County, seeking a declaration that the alleged special assessments on the lots were void. While the quiet title action was still pending, the present action was commenced in federal district court on December 6, 1993.

In the meantime, S–P began construction of apartment buildings on the property without a building permit. The City did not take any action to stop or delay the construction. The dispute with the City, S–P and appellants continued until December 28, 1993, when a formal written application for a building permit was submitted jointly by S–P and appellants to the City, along with the required fee. On that same day and approximately twenty days after commencement of this action, the City issued a building permit to S–P.

On January 21, 1994, after the building permit had been issued, the South Dakota Circuit Court entered judgment in favor of appellants in their quiet title action. On appeal, the South Dakota Supreme Court affirmed the circuit court, concluding that based on the plain language of S.D. Codified Laws Ann. § 9–43–53 and its legislative his-

tory, the special assessments do not survive a tax sale of property and these items are considered paid in full when the monies from the sale have been paid as provided by § 9–43–53.

Appellants brought this action on December 6, 1993, pursuant to 42 U.S.C. §§ 1982, 1983, and 1985(3), alleging that the failure to issue S–P a building permit between October 1993 and December 1993 denied them procedural and substantive due process. The district court granted summary judgment in favor of the City, concluding that "[b]ecause plaintiffs have no interest in the building, the delay in the issuance of the building permit by the City of Yankton and its officials did not deprive plaintiffs of any rights protected by federal civil rights laws. Plaintiffs cannot assert the rights of Skogen–Peterson, who would construct and own the proposed building."

 In analyzing a claim that the deprivation of property violates either procedural or substantive due process rights, a court must first consider whether the claimant has a protected property interest to which the Fourteenth Amendment's due process protection applies. *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 445–446 (8th Cir.1995). Protected property interests are created by state law, but federal law determines whether the interest rises to the level of a constitutionally-protected property interest. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978). A state law creates a property interest in a building permit only when, among other things, the proper applicant has complied with all the applicable laws and codes required for permit issuance. *Carolan v. City of Kansas City,* 813 F.2d 178, 181 (8th Cir.1987).

 In the present case, at the time of the permit application, S–P had equitable ownership of the property and a legal claim to the title, although the deed had not been transferred. Because appellants had no involvement in the proposed construction on the property, they were not proper parties to make application for a building permit. As the district court found, it is undisputed that

S–P was the owner of the building to be constructed, and that the only interest of the appellants in the property was to collect the unpaid purchase price under the contract. Because appellants had no interest in the building, the delay in the issuance of the building permit by the City did not deprive them of any rights protected by federal law.

Accordingly, we affirm the district court's summary judgment dismissal of appellant's due process claim.