IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| SHERRY WIMLEY, | ) | **FOR PUBLICATION** |
| | ) | |
| Plaintiff/Appellee, | ) | **Filed: October 7, 1996** |
| | ) | |
| v. | ) | Davidson County |
| | ) | |
| LINDA RUDOLPH, Commissioner | ) | Hon. C. Allen High, Chancellor |
| of the Tennessee Department | ) | |
| of Human Services, | ) | No. 01S01-9507-CH-00108 |
| | ) | |
| Defendant/Appellant. | ) | |

**FILED**

**October 7, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

For Appellant:

Charles W. Burson
Attorney General and Reporter

Michael E. Moore
Solicitor General

Dianne Stamey Dycus
Senior Counsel
CIVIL DIVISION
Nashville, TN

For Appellee:

David Kozlowski
Legal Services of South
Central Tennessee, Inc.
Tullahoma, TN

**O P I N I O N**

AFFIRMED                                                    WHITE, J.

The issue in this case is whether plaintiff can combine an original action under 42 U.S.C. § 1983 with a petition for judicial review under the Uniform Administration Procedures Act when the sole relief requested under the Section 1983 claim is an award of attorney fees. We affirm the Court of Appeals' decision allowing plaintiff an award of attorney fees.

Plaintiff, a recipient of Aid for Dependent Children (AFDC) benefits, contacted the Department of Human Services (DHS) when she learned she would be receiving inheritance from her uncle's estate. She was told to keep a copy of the check and receipts for its use and was further advised that the inheritance would not affect her benefits. Seven months after turning the receipts over to DHS, plaintiff was advised that her benefits were being terminated. Following an appeal and an administrative hearing, plaintiff's benefits were terminated for nine months. Additionally, plaintiff was deemed responsible for the overpayments made during the seven months in which DHS failed to take action.

Following the denial of a petition to rehear, an appeal, and a petition to reconsider the final order, plaintiff sought judicial review in the Davidson County Chancery Court under the Uniform Administrative Procedures Act, Tennessee Code Annotated Sections 4-5-301 et seq. Plaintiff's complaint, in its introductory paragraphs, sought judicial review of the decision made by DHS finding her ineligible for continued AFDC benefits and sought to proceed "pursuant to 42 U.S.C. § 1983."

Each of the factual allegations in plaintiff's complaint pertained to the circumstances surrounding her receipt of the inheritance, report of the inheritance, and termination of benefits. The "Causes of Action" section of the complaint referred again to the actions of DHS in determining her AFDC eligibility. In both, plaintiff asked that DHS ruling that finding her ineligible for AFDC benefits be reversed.

In her prayer for relief, in addition to requesting that the court reverse the decision of DHS terminating her AFDC benefits, plaintiff requested that the court "[a]ssess costs, including a reasonable attorney's fee as provided by 42 U.S.C. §1988 . . . . " The state moved to dismiss the request for attorney fees in a pretrial motion. The Chancery Court overruled the motion to dismiss, found in plaintiff's behalf, and allowed plaintiff to file a request for attorney's fees under Section 1988.

From the ruling of the Chancellor, the state appealed raising as its sole issue the propriety of allowing the award of attorney fees.[1] The state's position was that allowing a claim for attorney fees violated the doctrine of election of remedies. Because plaintiff had sought relief under the state administrative procedures act, the state argues, plaintiff was estopped from asserting an action under the federal civil rights statute.

_____

[1]The Court of Appeals' opinion refers to the issue as "whether the Trial Court erred in failing to dismiss plaintiff's action based upon 42 U.S.C. Section 1983, joined to the petition for review under the Administrative Procedures Act."

3

In its opinion, the Court of Appeals found that the election of remedies doctrine, relied upon by the state, did not apply to the facts of the case before it. The court noted that the doctrine of election of remedies serves to disallow a plaintiff from seeking inconsistent or repugnant remedies. Plaintiff's request for attorney fees, however, did not duplicate and was not inconsistent with any remedy provided by the Administrative Procedure Act. The intermediate court concluded: "If plaintiff had sought duplicate relief, an election would have been required; but the only relief sought under Section 1983 was an attorney's fee which is not provided by the Administration Procedure Act." Further, the court concluded, "Section 1983 attorneys' fees may be allowed even though Section 1983 is not specifically invoked, if the facts justify." Bloomingdale's by Mail Ltd., v. Huddleston, 848 S.W.2d 52 (Tenn. 1992).

In dissent, Judge Cantrell relied upon two cases in which the Court of Appeals had previously disallowed joinder of an administrative appeal and an original action. Those cases, Goodwin v. Metropolitan Board of Health, 656 S.W.2d 383 (Tenn. App. 1983) and State ex rel. Byram v. City of Brentwood, 833 S.W.2d 500 (Tenn. App. 1991) were distinguished by the majority.

We granted application for permission to appeal to decide this issue of first impression in Tennessee. In reviewing our decisions, the doctrine of the election of remedies, the purposes of Section 1988 fee awards, and the cases of other jurisdictions, we conclude that the judgment of the

4

Chancery Court and the Court of Appeals awarding attorney fees to plaintiff in this case should be affirmed.

As the state recognizes, state courts have jurisdiction over Section 1983 claims. Poling v. Goins, 713 S.W.2d 305 (Tenn. 1986). More specifically, plaintiff's claim against DHS for termination of AFDC benefits was cognizable under Section 1983. Nonetheless, the state contends that once plaintiff opted to pursue judicial review under the state administrative procedures act, she was barred from seeking relief under Section 1983.

The election of remedies doctrine, which is the basis of the state's argument, is a recognized part of Tennessee's jurisprudence. The doctrine prohibits and estops a plaintiff from seeking inconsistent remedies once a clear choice has been made to pursue a specific remedy. Barger v. Webb, 391 S.W.2d 664 (Tenn. 1965). The purpose of the doctrine is to prohibit plaintiffs from acquiring double redress for a single wrong. Thus, "[w]here the remedies are so inconsistent or repugnant that the pursuit of one necessarily involves the negation of the other" plaintiff may be required to elect which remedy to pursue, or, if a choice has been made, may be estopped from pursuing the other remedy. McQuiddy Printing Co. v. Harsig, 134 S.W.2d 197, 203 (Tenn. App. 1939).

In this case the state argues that plaintiff has sought two irreconcilable remedies, one under the judicial review portion of the

5

Administrative Procedures Act and the other under Section 1983 of Title 42 of the United States Code. The former, set forth in Tennessee Code Annotated Section 4-5-322 provides that a person "aggrieved by a final decision in a contested case is entitled to judicial review . . . which shall be the only available method of judicial review." Tenn. Code Ann. §4-5-322(a)(1)(1995 Supp.). The latter, part of the Civil Rights Act of 1871, provides

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

As is obvious from the review of the two statutes at issue in this case, both create remedies. See Albright v. Oliver , 510 U.S. 1215 (1994); Public Service Comm'n v. General Telephone Co., 555 S.W.2d 395 (Tenn. 1977). A remedy is "a means employed to enforce a right or redress an injury." Alamo Development Co. v. Thomas, 212 S.W.2d 606, 610 (Tenn. 1948). A remedy is not a right in and of itself.[2] Under our recognized election of remedies doctrine, should the two remedies claimed be inconsistent or repugnant, a plaintiff would be barred from proceeding on

---

[2]As has been recognized, Section 1983 is not the source of any federal right. It simply secures federal rights by providing a remedy for their violation. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18 (1979).

6

the latter.  Garrett v. Mazda Motors of America, 844 S.W.2d 178, 180 (Tenn. App. 1992).

In plaintiff's complaint, she did not seek remedies under Section 1983 that were inconsistent with those in her petition for judicial review. As the state notes, Section 1983 entitles one aggrieved to seek "monetary, declaratory, or injunctive relief."  Had Plaintiff sought to join  a claim for any of those types of relief under Section 1983 which were inconsistent to remedies available in a petition for judicial review under the Uniform Administrative Procedures Act,  the state's estoppel claim would have had merit.

The state urges that two prior decisions of the Court of Appeals dictate a reversal of the fee award in this case.  In Goodwin v . Metropolitan Board of Health, 656 S.W.2d 383 (Tenn. App. 1983), plaintiff sought an appeal under the Uniform Administrative Procedures Act from an administrative decision upholding her termination from employment with the Board of Health.  In her suit seeking judicial review in the Chancery Court, she also sought a declaratory judgment that certain policies of her employer were unconstitutional.  The Court of Appeals held that the attempt to join the declaratory judgment action should have been denied "condemn[ing] . . . the joinder of an appeal with an original action and the simultaneous consideration of both at the trial level."  Goodwin v. Metropolitan Board of Health, 656 S.W.2d at 386.  In a subsequent decision, State ex rel. Byram v. City of Brentwood, 833 S.W.2d 500 (Tenn.

App. 1991), the Court of Appeals reaffirmed its position in a case in which plaintiff sought to join an action for damages with an administrative appeal.

Neither Goodwin nor Byram affect the resolution of this case. In both of those cases, plaintiffs, pursuing administrative appeals, attempted to join original actions for inconsistent relief with the judicial review provided in the Uniform Administrative Procedures Act. As the Court of Appeals noted in Goodwin, such a practice creates difficulties for the trial court and the Court of Appeals as a result of the differing rules, standards, and procedures. In this case, plaintiff sought a remedy, not available under the Uniform Administrative Procedures Act, but not inconsistent with the relief sought thereunder.

More important is the crucial distinction between the issues in those cases and the one at bar. Here, the basis for plaintiff's petition for judicial review was her allegation that DHS had denied her rights afforded under federal law, specifically rights to AFDC benefits. Upon prevailing upon that claim, plaintiff had, by definition, established a deprivation of rights under color of state law, the very basis for recovery under Section 1983. Furthermore, that success entitled her to attorney fees under Section 1988 even had she not plead that entitlement. Bloomingdale's By Mail Ltd., v. Huddleston, 848 S.W.2d at 56.

8

The claims in Goodwin and Byram, conversely, did not involve allegations of the deprivation of federal rights under color of law. The decisions of the Court of Appeals in those cases to disallow joinder of inconsistent original actions with administrative appeals does not require a denial of a claim for attorney fees here, where success on the administrative appeal is, by definition, the establishment of a Section 1983 violation.

Our decision to uphold the award of attorney fees in this context is consistent with authority in other jurisdictions. In Maine v. Thiboutot, 448 U.S. 1 (1980), AFDC recipients whose benefits were terminated sought judicial review of a decision of the Maine Department of Human Services. In an amended complaint, the recipients sought Section 1983 relief as well. Although the recipients were successful, the Maine Superior Court denied attorney fees. The United States Supreme Court reversed the decision and held that attorney fees may be awarded to the prevailing party in "any action" to enforce the provisions of Section 1983. While the joinder of the claim for fees with the judicial review petition was not analyzed, the result sanctioned that practice.

Other courts have more directly addressed the issue. In Magnant v. Lane, 582 N.E.2d 461 (Ind. App. 1991), plaintiff sought judicial review of a decision of the Indiana Board of Public Welfare denying Medicaid benefits. In a second count of the two-count petition, plaintiff sought injunctive relief under Section 1983 and attorney fees under Section 1988.

The parties settled the judicial review action resulting in the grant of Medicaid benefits to plaintiff. The trial court originally dismissed count two, but, on a motion to correct error, reversed itself and awarded fees. The Indiana Court of Appeals affirmed the action. Magnant v. Lane, 582 N.E.2d at 463 (Ind. App. 1991)(citing Stevens v. Dept. of Public Welfare, 566 N.E.2d 544 (Ind App. 1991). See also Sprague v. Dept. of State Revenue, 583 N.E.2d 214 (Ind. Tax 1991)(noting that Indiana tax law which involves administrative remedies does not evidence legislative intent that remedies contained be exclusive). As in the case before us, entitlement to Section 1988 fees was established once plaintiff prevailed (by settlement) on the merits since plaintiff was deprived under color of law of federal Medicaid rights.

Similarly in Johnson v. Commissioner of Public Welfare, 643 N.E.2d 444 (Mass. 1994), plaintiff sought judicial review of the termination of her benefits under the AFDC program. In her petition for judicial review, she requested attorney fees under Section 1988. The Massachusetts Supreme Court held that plaintiff was entitled to attorney fees even though the lower court rested its decision not on the federal law, but "entirely on the law of the Commonwealth." Johnson v. Commission of Public Welfare, 643 NE.2d at 445. The court noted that Section 1988 "creates an incentive to vindicate federally protected rights. . . . The fee incentive is equally useful and necessary whether the right in question is secured by Federal law alone, or by State law as well." Id. at 445-46. See also Gaulin v . Commissioner of Public Welfare, 515 N.E.2d 583 (Mass. 1987); Stratos v. Department of

10

<u>Public Welfare</u>, 439 N.E.2d 778 (Mass. 1982).

Likewise, and also in the context of enforcing federal rights in appeals from termination of AFDC benefits, the Supreme Court of Nebraska has allowed the joinder of a Section 1988 claim for attorney fees with the judicial review of an administrative action. In <u>Maldonado v. Nebraska Department of Public Welfare</u>, 393 N.W.2d 105 (Neb. 1986), the state contended that the appeal from the state agency was not an action under Section 1983 authorizing the award of attorney fees pursuant to Section 1988. The Nebraska Supreme Court disagreed and upheld the fee award despite the fact that the petition for judicial review did not cite Section 1983.[3]

We are aware that courts have ruled contrary to the position we take and that taken in these cases. In some of the contrary rulings, plaintiffs sought remedies under Section 1983 which were inconsistent to those available on judicial review, <u>Tatten Partners, L.P. v. New Casle County Bd. Of Assessment Review</u>, 642 A.2d 1251 (Del. Super. Ct. 1993); in others, plaintiffs sought remedies not available against the state, <u>Hardges v. Department of Social Services</u>, 506 N.W.2d 532 (Mich. App. 1993); still others turned on interpretations of state court jurisdiction and procedural rules, <u>Maisonet v. Department of Human Services</u>, 657 A.2d 1209 (N.J. 1995); <u>Human Development of Erie, Inc. v. Zoning Hearing Bd. Of Millcreek Township</u>, 600 A.2d 658 (Pa. Commw. Ct. 1991).

---

[3] In this regard the <u>Maldonado</u> case is consistent with our decision in <u>Bloomingdale's by Mail Ltd., v. Huddleston</u>, 848 S.W.2d 52 (Tenn. 1992), in which we held that a party is entitled to recover an award for attorney fees under Section 1988 in a case in which the party is successful in enforcing federal rights even if the party did not specifically plead 42 U.S.C. §1983.

Nothing in those cases persuades us to retreat from our conclusion allowing a plaintiff to seek attorney fees under Section 1988 in a petition for judicial review when the petition seeks relief from the wrongful denial, under color of state law, of rights, privileges, or immunities secured by the federal constitution and laws. For these reasons we affirm the judgment of the Chancery Court and the Court of Appeals granting plaintiff attorney fees under Section 1988.

_____
Penny J. White, Justice


CONCUR:

Birch, C.J.
Drowota, Anderson, Reid, J.J.