IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 25, 2012 Session

# CHEATHAM COUNTY, TENNESSEE v. CHEATHAM COUNTY BOARD OF ZONING APPEALS AND RANDALL AND MARGARET MOONEYHAN

**Appeal from the Chancery Court for Cheatham County**
**No. 14887     Larry J. Wallace, Chancellor**

_____

**No. M2012-00930-COA-R3-CV - Filed November 30, 2012**

_____

Property owners' permit to place a mobile home on their property was revoked by the county building commissioner on the grounds that the property on which the home was to be located did not meet the minimum lot size requirement in the zoning ordinance; on appeal to the Board of Zoning Appeals, the property owners were granted a variance. The County filed a petition in Chancery Court seeking certiorari review of the grant of the variance, naming the Board of Zoning Appeals and property owners as defendants. After a hearing, the trial dismissed the petition; the court denied the property owners' request for attorney fees incurred in connection with the Board of Zoning Appeals and certiorari proceedings. We hold that the property owners are entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part and Remanded.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., joined. PATRICIA J. COTTRELL, P. J., M. S., filed a concurring opinion.

Alan D. Johnson, Nashville, Tennessee, for the Appellant, Cheatham County, Tennessee.

George A. Dean, Nashville, Tennessee for the Appellees, Randall and Margaret Mooneyhan.

## OPINION

This appeal arises out of a lawsuit filed by Cheatham County against the Cheatham County Board of Zoning Appeals and property owners Randall and Margaret Mooneyhan ("the Mooneyhans"); the Mooneyhans are the owners of 2.5 acres of real property in Joelton. The Mooneyhans bought their property in July 2010 and applied to the Cheatham County Building Commissioner for a permit to place a mobile home on the property; on August 26,

2010, the Commissioner issued the permit. On October 1 the Commissioner sent the Mooneyhans a letter revoking the building permit on the grounds that the Commissioner had discovered that the property did not meet the minimum lot size requirement for a mobile home as contained in the county's zoning ordinance, known as the "Zoning Resolution."

On September 29, 2010, the Mooneyhans applied to the Board of Zoning Appeals for a variance from the lot size requirement;[1] at a hearing on October 25, the Board granted the variance. On November 12 Cheatham County filed a Petition for Writ of Certiorari in the Cheatham County Chancery Court, alleging that the Mooneyhans had failed to prove any of the criteria necessary to receive a variance. The petition alleged that the Board had failed to comply with Zoning Resolution § 8.060 or Tenn. Code Ann. § 13-7-109 when granting the variance, and alleged that the Board's decision to grant the variance was arbitrary, capricious, illegal, and not based on any material evidence.

On December 10, Gary Lee, owner of the adjoining property, filed a Motion to Intervene, asserting that the value of his land would be affected by the decision to allow the Mooneyhans to place a mobile home on their property; on January 24, 2011, the court granted the motion. The Mooneyhans filed an Answer, requesting that both Cheatham County's and Mr. Lee's Petitions for Writ of Certiorari be denied and alleging that "the revocation of the building permit, without notice or hearing, was in violation of [their] due process rights . . . for which Cheatham County is liable under 42 U.S.C. § 1983 and for attorneys fees under 42 U.S.C. § 1988."

By order entered April 3, 2012, the court dismissed Cheatham County's and Mr. Lee's petitions, holding that "the action of [the Board] was not illegal, arbitrary, fraudulent, or beyond its jurisdiction"; the court also denied the Mooneyhans' request for attorney fees. Cheatham County filed a Notice of Appeal.[2]

On October 23, 2012, Cheatham County filed a Motion to Dismiss its appeal on the ground that its counsel had discovered that the county passed a resolution in 1991 amending the provision of the Zoning Resolution at issue in this appeal; the amendment exempted the property which was purchased by the Mooneyhans from the lot size requirement. The Mooneyhans responded, stating that they did not oppose the motion; in accordance with Tenn. R. App. P. 15(a), they gave notice of their intent to litigate the issue of the trial court's denial of their request for attorney fees.

---

[1] The County explains in its brief on appeal that the Mooneyhans were advised orally before the October 1 letter was sent that the permit would be revoked, thereby leading them to file the application on September 29.

[2] Mr. Lee did not file a notice of appeal and has not filed a brief on appeal.

*Discussion*

In the order denying the Mooneyhans' request for attorney fees, the court reasoned that "[a]lthough the building permit may have been incorrectly revoked, the Mooneyhans received a fair hearing from the Board of Zoning Appeals and the Board in fact reversed the revocation, and reinstated the permit. There is therefore no violation of the [Mooneyhans'] constitutional rights and no basis for award of attorneys' fees under [§ 1983 or § 1988]. Furthermore, the [Mooneyhans] are not entitled to attorneys' fees under the Tennessee Equal Access to Justice Act, [T.C.A. § 29-37-101], because they prevailed before the Board of Zoning Appeals."

The Mooneyhans contend that they are entitled to attorney fees because:

"the building permit was wrongfully revoked, without notice or an opportunity to be heard, and they were as a result forced to appeal unnecessarily to [the Board]. In addition, after [the Board] ruled in [the Mooneyhans'] favor, the county nonetheless has the audacity to appeal the decision of its own zoning board, challenging the correctness of the decision. The Mooneyhans hired an attorney to represent them at the zoning board, and hired an attorney to represent them on appeal. Those fees should have been unnecessary."[3]

42 U.S.C. § 1988 provides that, if a court finds a deprivation of a protected right, "the court, in its discretion, may allow the prevailing party [in a lawsuit] other than the United States, a reasonable attorneys' fee as part of the costs" awarded to that party. 42 U.S.C. § 1988. In *Wimley v. Rudolph*, our Supreme Court acknowledged that Tennessee courts have jurisdiction to decide claims arising under 42 U.S.C. § 1983; as a consequence, state courts have the jurisdiction to make an award of attorney fees pursuant to 42 U.S.C. § 1988. *Wimley v. Rudolph*, 931 S.W.2d 513, 515 (Tenn. 1996) (citing *Poling v. Goins*, 713 S.W.2d 305 (Tenn. 1986); *Id.* at 516 (citing *Bloomingdale's by Mail Ltd. v. Huddleston*, 848 S.W.2d 52, 56 (1992)).

State courts may award attorney fees pursuant to § 1988 if the facts justify such an award. *Wimley*, 931 S.W.2d at 514 (citing *Bloomingdale's*).[4] The court must look at "the

---

[3] At argument, the Mooneyhan's counsel conceded that Tenn. Code Ann. § 29-37-101 does not authorize an award of attorney fees in this case; the Mooneyhans do not constitute a "small business" within the meaning of the Equal Access to Justice Act.

[4] The plaintiff in *Wimley* sought review under the Administrative Procedures Act, Tenn. Code Ann. § 4-5-322, of an order of the Department of Human Services terminating her benefits; she also sought "to proceed 'pursuant to 42 U.S.C. § 1983'" and attorney's fees pursuant to 42 U.S.C. § 1988. *Wimley*, 931

(continued...)

substance, rather than the form, of the underlying action in making the determination of whether the claim is cognizable under [§ 1983].” *Bloomingdale’s*, 848 S.W.2d at 56 (citing *L.K. v. Gregg*, 425 S.W.2d 813, 818 (Minn. 1988)). Due to the unique circumstances of this case the Mooneyhans’ assertion of their rights under 42 U.S.C. § 1983 and claim for fees under 42 U.S.C. § 1988 was made in their Answer to Cheatham County’s petition rather than in a complaint in which they were plaintiffs. We see no reason that this procedural anomaly should preclude them from relief.

42 U.S.C. § 1983 affords a remedy to private citizens whose federal rights have been violated by state officials. *Parks Props. v. Maury County*, 70 S.W.3d 735, 743 (Tenn. Ct. App. 2001) (citing 42 U.S.C. § 1983 (1996) (“Every person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]”)). As noted in *Parks Props.*:

> Section 1983 creates no substantive rights of its own. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994); *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). Rather, it creates a species of tort liability, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709, 119 S.Ct. 1624, 1638, 143 L.Ed.2d 882 (1999), that provides a federal cause of action for the violation of rights independently established either in the United States Constitution or federal law. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Kalina v. Fletcher,* 522 U.S. at 122, 118 S.Ct. at 505. Thus, the first step in analyzing any Section 1983 claim is to identify the specific federal right allegedly being infringed. *Albright v. Oliver,* 510 U.S. at 271, 114 S.Ct. at 811–12; *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989); *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). There can be no successful claim under Section 1983 unless the defendant has deprived the plaintiff of a right “secured by the Constitution and laws” of the United States.
>
> The Due Process Clause provides that “[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law.” As interpreted

---

[4](...continued)
S.W.2d at 514. The court held that the remedies sought by plaintiff were not “inconsistent or repugnant” and, as a consequence, the claim for fees was not barred by virtue of the proceeding being administrative in nature. *Id.* Similarly, in this case, we do not view the Mooneyhans’ request for fees pursuant to 42 U.S.C. § 1988 as an original proceeding which is inconsistent with the certiorari action.

by the United States Supreme Court, the Due Process Clause safeguards rights in two ways. First, procedural due process requires state and local governments to employ fair procedures when they deprive persons of a constitutionally protected interest in "life, liberty, or property." Procedural due process protections do not prevent deprivations of "life, liberty, or property" but rather guard against "substantively unfair or mistaken deprivations of property." *Fuentes v. Shevin,* 407 U.S. 67, 80–81, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).

The Due Process Clause, however, guarantees more than fair process. *Washington v. Glucksberg,* 521 U.S. 702, 719, 117 S.Ct. 2258, 2267, 138 L.Ed.2d 772 (1997). It also has a substantive component that bars certain governmental actions regardless of the procedures used to implement them. *County of Sacramento v. Lewis,* 523 U.S. 833, 840, 118 S.Ct. 1708, 1713, 140 L.Ed.2d 1043 (1998); *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). Thus, substantive due process is the second way that the Due Process Clause protects "life, liberty, or property."

* * *

To prevail on a substantive due process claim under Section 1983, a plaintiff must establish as a threshold matter that it has an interest entitled to protection under the Due Process Clause. *Woodwind Estates, Ltd. v. Gretkowski,* 205 F.3d at 123; *Ellis v. City of Yankton,* 69 F.3d 915, 917 (8th Cir.1995). These interests are limited to interests in "life, liberty, or property" and other interests explicitly protected by other constitutional provisions.

*Parks Props.*, 70 S.W.3d at 743-45. To determine whether an award of fees is available to the Mooneyhans, therefore, we must first determine whether they had a property interest sufficient to invoke constitutional protections. In this regard, they contend that they had a vested right under the county's Zoning Resolution to use the property for a mobile home and that it is this right which establishes the interest entitled to protection.

The principle of vested rights was recently explained in *CK Dev., LLC v. Town of Nolensville*, as follows:

The vested rights principle is a Constitution-based limitation on government actions that interfere with a landowner's use of his or her land. "The concept of a vested right in a zoning, which has long been recognized in Tennessee, allows property owners, who have acquired the requisite 'vested' interest under an existing zone, to use and develop the property pursuant to

-5-

said zone even if a subsequent zoning ordinance is enacted." *Westchester Co., LLC v. Metro. Gov't of Nashville and Davidson County,* 2005 WL 3487804, at *3 (Tenn. Ct. App. December 20, 2005).

* * *

Because the vested rights doctrine is based on due process principles, the party claiming a vested right must demonstrate a property interest that is sufficient to warrant its protection. "[T]he general majority rule is that a vested right exists when a building permit has been issued by the municipality, substantial construction or expenditures in reliance on the building permit are in evidence, and the landowner acted in good faith." 4 Am. Law Zoning § 32:2 (5th ed.). Stated another way, "In order for a landowner to acquire vested rights to develop, generally the 'landowner will be protected when: (1) relying in good faith, (2) upon some act or omission of the government, (3) he has made substantial changes or otherwise committed himself to his substantial disadvantage prior to a zoning change.'" [Kalachnik, Tyhler J., *Try to Vest, Try to Vest, Be our Guest: The Vested Rights Conflict in Indiana Creates a Unique Solution for All*, 39 Ind. L.Rev. 417, 421 (2006)].

In the absence of a contrary statutory directive, the majority of states, including Tennessee, require issuance of a building permit, plus substantial construction and/or expenditures, before a right to develop vests. 4 Am. Law Zoning § 32:3 (5th ed.). "[I]f a property owner has performed substantial work and incurred substantial liabilities in good faith reliance upon a permit issued by the government, he acquires a vested right to complete construction in accordance with the terms of the permit." *Avco Community Developers, Inc. v. South Coast Regional Commission,* 553 P.2d 546, 550 (Cal. 1976) (parenthetical omitted).

*CK Dev., LLC v. Town of Nolensville*, M2010-00633-COA-R3CV, 2012 WL 38287, at*11-12 (Tenn. Ct. App. Jan. 6, 2012)

In the case before us, the record shows that, after the Mooneyhans purchased the property, they applied for and were issued a permit to move a mobile home onto it, they then purchased a home and had it placed on the property; through no fault of their own, the building permit was later revoked. At the hearing before the Board of Zoning Appeals, the Mooneyhans' counsel addressed the Board and provided evidence of their reliance on the issuance of the permit: "[F]ollowing that building permit . . . certain actions were taken by Mr. and Mrs. Mooneyhan, certain financial obligations, they acted in good faith on the permit that was given them[.]" The evidence as a whole shows that the Mooneyhans acted

reasonably and in good faith, in reliance of the building permit, when they purchased and placed the mobile home on their property; this supports the Mooneyhans' claim of vested rights, thereby giving rise to constitutional protections secured by 42 U.S.C. § 1983. *See CK Dev., LLC*, at *12; *Parks Props.*, 70 S.W.3d at 743.

We respectfully disagree with the trial court's holding that there was no violation of the Mooneyhans' constitutional rights and no basis for an award of attorney fees under 42 U.S.C. § 1988. The Mooneyhans correctly point out that the revocation of the building permit was done without notice or opportunity to be heard. In order to secure relief, they were required to appeal to the Board of Zoning Appeals, which granted them a variance from the minimum lot size requirement. They were then forced to defend the Board's action in Chancery Court due to the filing of the County's petition for certiorari review.

In addition, there was no basis for the County's action in revoking the permit, in light of the later-discovered resolution amending the Zoning Resolution to permit the placement of a mobile home on the property owned by the Mooneyhans. The fact that the resolution, passed in 1991, was misplaced and not added to the Zoning Resolution until this case was on appeal does not detract from the fact that the Mooneyhans had a right to place the mobile home upon their property.

The revocation of the building permit, the County's pursuit of certiorari review in the manner presented in this case,[5] and the lack of any basis for the county's action in revoking the permit, violated the Mooneyhans' rights to procedural and substantive due process and, under applicable law, entitles them to reasonable attorney fees under 42 U.S.C. § 1988. *See Wimley*, 931 S.W.2d at 516.

*Conclusion*

For the foregoing reasons, we reverse the trial court's holding that the Mooneyhans are not entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988 and remand the case for a hearing on the amount of fees to be awarded. In all other respects, the judgment is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[5] We are aware of no authority or precedent whereby a county may sue one of its constituent boards.