IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 7, 2017 Session

## CAITLIN J. GROVES ET AL. v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County**
**No. 15-1225-IV      Russell T. Perkins, Chancellor**

———————————————————

**No. M2016-01448-COA-R3-CV**

———————————————————

After his vehicle was seized, the owner filed a claim and request for hearing.  After the passage of thirty days following the filing of his claim, the owner moved to dismiss the forfeiture, arguing that the Tennessee Department of Safety and Homeland Security had failed to timely set his claim for a hearing.  The Administrative Law Judge took the motion to dismiss under advisement, but declined to set a hearing on the merits of the forfeiture.  The owner sought interlocutory review of the decision not to set a hearing on the merits, which the Commissioner ultimately denied.  Shortly before the Commissioner's decision on the interlocutory appeal, the ALJ granted the owner's motion to dismiss and ordered the vehicle returned.  The ALJ also denied the owner's request for attorney's fees.  The owner petitioned for judicial review of the Commissioner's decision and later amended the petition to include a request for declaratory relief.  The chancery court dismissed the owner's petition for judicial review as moot.  The court also dismissed the declaratory judgment action for improper joinder of an original action with an administrative appeal.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellant, Gordon Groves.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Michael A. Meyer, Special Counsel Law Enforcement & Special Prosecutions Division, for the appellee, Tennessee Department of Safety and Homeland Security.

# OPINION

## I.

Just before midnight on January 18, 2015, Officer Coy Tucker of the Knoxville Police Department received a call from dispatch that "a female . . . was passed out in the driver's seat of [a] vehicle" parked at a local restaurant. Upon arriving at the scene, the officer observed Caitlin Groves in the driver's seat of a parked Volkswagen Jetta, the engine still running. According to Officer Tucker, Ms. Groves "was visibly intoxicated with constricted pupils even in direct light, [exhibited] slurred speech, and [was in] a dazed sleepy-like appearance." Ms. Groves voluntarily submitted to field sobriety tests, but she performed poorly. A check of her driver's license revealed that Ms. Groves had a 2012 conviction for driving under the influence.

Officer Tucker arrested Ms. Groves. He also seized her Volkswagen Jetta, presenting her with a notice of property seizure. *See* Tenn. Code Ann. § 55-10-414(a) (2017) (subjecting vehicles "used in the commission of a person's second or subsequent conviction" of driving or being in control of a vehicle under the influence of any intoxicant "to seizure and forfeiture"). Later, the officer obtained a forfeiture warrant for the vehicle.

On February 4, 2015, counsel for Ms. Groves and her father, Gordon Groves, (together, the "Claimants") sent a letter to the Tennessee Department of Safety and Homeland Security claiming an interest in the vehicle and requesting a hearing. *See* Tenn. Code Ann. § 40-33-206(a) (2018) ("Any person asserting a claim to any property seized pursuant to the provisions of law set out in § 40-33-201, . . . may within thirty (30) days of being notified by the applicable agency that a forfeiture warrant has issued, file with the agency a written claim requesting a hearing . . . ."). The Claimants co-owned the Jetta.

Despite having already made a claim, on March 16, 2015, the Department sent each of the Claimants notice of the forfeiture warrant and of their right to claim an interest in the Jetta. Not until May 26, 2015, did the Department notify them of the hearing on their claim.

Seven days before the hearing, which was scheduled for the afternoon of August 4, 2015,[1] the Claimants' counsel sent a letter to the administrative law judge assigned to hear the case. In the letter, counsel referenced an enclosed motion to dismiss "the

---

[1] This was the second setting of the hearing. Apparently, the parties agreed to a continuance of the original hearing set for June 30, 2015.

forfeiture proceeding against the Groves' vehicle."[2] Counsel also sought consideration of a "petition to maintain a class [sic] for each other person listed on the Notice of Hearing for 1:00 p.m. August 4, 2015."[3]

At the outset of the hearing, the ALJ explained that he would not be "able to answer all those questions here and now based on the time of the filings, so [he] anticipate[d] [he was] going to have to take [the issues] back to the office and do a little research based on [the] two motions." Counsel for the Claimants acknowledged that the ALJ had "the ability to reserve this [issue] and study on it as long as [he] need[ed] and not just the lunch hour." Ultimately, the ALJ took both motions under advisement.

In light of the pending motion to dismiss, the ALJ decided not to proceed with a hearing on the merits. With the consent of the parties, the ALJ excused the officer who had been asked to testify. As proceedings concluded, the following exchange took place between the ALJ and counsel:

> ALJ: . . . I'll take this under advisement, issue an order on the class issue as well as the motion to dismiss. And then from there, if the motion to dismiss is denied, we'll get it set for a hearing on the merits.
> THE CLAIMANTS' COUNSEL: Thank you, sir.
> ALJ: Thank you all.
> COUNSEL FOR THE DEPARTMENT: Thank you.
> THE CLAIMANTS' COUNSEL: Could we establish a hearing on the merits now?
> ALJ: I'll leave that to you and the Department if you would like to. It may be easier to wait just for scheduling purposes.
> THE CLAIMANTS' COUNSEL: They got her car. That's, you know, we don't have --
> COUNSEL FOR THE DEPARTMENT: We don't have an order yet.
> ALJ: I don't know that you can without an order. And once I get my order out, obviously that day can be scheduled because if you prevail on your motion, there will be no hearing.
> THE CLAIMANTS' COUNSEL: I understand.

Two days later, the Claimants filed a "Petition for Interlocutory Appeal," seeking to appeal their "entitle[ment] to an immediate hearing on [their] contested case with the Department of Safety where the Department of Safety continues to seize [their]

---

[2] The administrative record on appeal does not include the motion to dismiss.

[3] Although indicating an intention to argue the motions at 1 p.m., counsel appeared at 10 a.m., requesting that the petition to maintain a class action be heard at that time. Counsel submitted that the motion to maintain a class action should be heard early "to protect people's rights that would be affected by the 10:00 o'clock docket if there were any findings or settlements or whatever."

automobile." *See* TENN. COMP. R. & REGS. 1340-02-02-.10(2). The Claimants complained that the Department would "not set a hearing date or place the case on the docket pending the ruling on the Motion to Dismiss." As the Claimants explained,

> [o]bviously, leaving [their] case off the docket while the Motion to Dismiss is adjudicated creates new delay by, once the Motion to Dismiss is decided, [their] case will go to the end of the line of other cases that have been placed on the docket in the interim. On the other hand, if [their] contested case is placed on the docket now it will and should take precedence over other new cases being set. Of course, if the court grants the motion to dismiss [their] case would come off the set docket.

The ALJ granted the request for an interlocutory appeal.

Later, on September 28, 2015, the ALJ entered an order granting the Claimants' motion to dismiss but denying the petition to maintain a class action.[4] The ALJ found that, because it did "not set [the case] for hearing within the 30 day requirement found in T.C.A. [§] 40-33-207," the Department could not "affirmatively show[] by a preponderance of the evidence that it strictly complied with the forfeiture statute." Accordingly, the ALJ ordered the immediate return of the seized vehicle. The ALJ further concluded that, "[s]ince the Department did not act in bad faith, it [wa]s not required to pay attorney's fees."

On October 5, 2015, the Commissioner entered an order dismissing the interlocutory appeal. Apparently unaware that the ALJ had already granted the motion to dismiss, the Commissioner also ordered the ALJ to render a decision within ninety days of the date of the August 4 hearing.

On October 12, 2015, in the Chancery Court for Davidson County, Tennessee, the Claimants filed a "complaint" for judicial review of the Commissioner's decision. *See* Tenn. Code Ann. § 4-5-322(a)(1) (Supp. 2018). Even though their motion to dismiss had already been granted, the complaint alleged "[t]o date, [the] ALJ . . . has not rendered an Order on [the Claimants'] Motion to Dismiss." The Claimants also complained they were deprived of their vehicle and that the Department's refusal to set their case for a hearing until after the ALJ ruled on the motion to dismiss violated their constitutional rights. In their prayer for relief, among other things, they sought "dismiss[al] of the forfeiture proceedings against [their] vehicle" or, in the alternative, a "remand to the [Department] with instructions that [it] to [sic] dismiss this case."

---

[4] Mr. Groves does not appeal the denial of the petition to maintain a class action.

4

On October 22, 2015, the Claimants filed an amendment to their complaint. In the amendment, the Claimants acknowledged that their vehicle was returned to them on October 20, 2015. They also added a "claim for declaratory judgment," requesting that the court "declare that the [Department] [wa]s required to require its hearing officers to render rulings on motions within thirty (30) days . . . ."

On the Department's motion, the chancery court dismissed the administrative appeal. The court found that the appeal was moot and that the Claimants did not have standing to pursue the appeal. In its ruling, the court emphasized that the Claimants did not appeal the ALJ's denial of their request for attorney's fees under Tennessee Code Annotated § 4-5-325 (2015).

The court later dismissed the claim for declaratory relief. The court cited multiple reasons for the dismissal. It concluded that joining an administrative appeal with an original action was impermissible, that the Claimants did not exhaust their administrative remedies, that they did not have standing to bring a declaratory judgment action challenging the Department's procedural rule, that the case was moot, and that a declaratory judgment from the court would constitute an advisory opinion. The court also denied the Claimants' request for an award of attorney's fees.

## II.

Mr. Groves appeals, raising multiple issues for our review.[5] The issues relate either to the dismissal of the petition for judicial review or the dismissal of the claim for declaratory relief or both.

### A. DISMISSAL OF PETITION FOR JUDICIAL REVIEW

The doctrine of justiciability prevents courts from adjudicating cases that do not involve a "genuine and existing controversy." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). "Our courts will not render advisory opinions or decide abstract legal questions." *Id.* (citations omitted). A case must be justiciable when it is filed and throughout the course of litigation, including during the appeal. *Id.* We decline to hear a case if it does not "involve a genuine, continuing controversy requiring the adjudication of presently existing rights." *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005).

A moot case is no longer justiciable because it "has lost its character as a present, live controversy." *McIntyre*, 884 S.W.2d at 137. Generally, a case is moot when it "no longer serves as a means to provide relief to the prevailing party." *Id.* There are only a few recognized exceptions to the mootness rule: (1) the issue is of great public

---

[5] Ms. Groves also appealed, but we granted her leave to dismiss her appeal.

importance or affects the administration of justice; (2) the challenged conduct is capable of repetition and will likely evade judicial review; (3) the primary subject of the dispute has become moot, but collateral consequences to one of the parties remain; and (4) the defendant voluntarily stops engaging in the challenged conduct. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 204 (Tenn. 2009). Only if the issue falls within a recognized exception do we have discretion to reach the merits of the appeal. *Alliance for Native Am. Indian Rights*, 182 S.W.3d at 339.

Here, in Mr. Groves's petition for judicial review, he sought "dismiss[al of] the forfeiture proceedings against [the Claimants'] vehicle," or, alternatively, "remand [of] this case to the [Department] with instructions that [the Department] to [sic] dismiss this case." He complained that the Department refused to place his case on the docket for a hearing on the merits while it "continue[d] to seize [sic] [his] vehicle." But as he conceded in his amendment to the petition, Mr. Groves's vehicle was returned to him. Thus, his case "no longer serve[d] as a means to provide [him] relief."[6]

On appeal, Mr. Groves argues that his case was not moot because a full hearing was still necessary. According to him, the return of his car only afforded him partial relief, and a full hearing was necessary for him to receive attorney's fees under Tennessee Code Annotated § 4-5-325(a). Mr. Groves asserts that it was plain error for the ALJ to prematurely "imbed[] a § 4-5-325(a) denial of fees and costs . . . without notice or [Mr. Groves] having a meaningful opportunity to be heard at a meaningful time." Mr. Groves further complains that the ALJ "blindsided" him by "imbedding" its ruling on attorney's fees in the order of dismissal.

As an initial matter, we disagree with Mr. Groves's characterization of the proceedings below. Mr. Groves specifically requested attorney's fees in his petition to maintain a class action that was heard contemporaneously with the motion to dismiss. After the ALJ denied attorney's fees in its September 28, 2015 order of dismissal, Mr. Groves filed a motion for attorney's fees on October 19, 2015.[7] In this motion, Mr. Groves claimed that "[i]n the motion [to dismiss], [the Claimants] moved for attorney fees and costs" but that "[t]he order [granting the motion to dismiss] did not address [their] claims for attorney fees and cost." The record refutes this statement as the order of dismissal states that the Department "is not required to pay attorney's fees." We

---

[6] Mr. Groves also alleges that all of the recognized exceptions to the mootness doctrine apply in this case. We disagree. Even if they did, we decline to exercise our discretion to consider the merits of the appeal. *See Alliance for Native Am. Indian Rights*, 182 S.W.3d at 339.

[7] The motion was essentially a motion to reconsider, which was untimely filed. *See* Tenn. Code Ann. § 4-5-317(a) (2015) ("Any party, within fifteen (15) days after entry of an initial or final order, may file a petition for reconsideration, stating the specific grounds upon which relief is requested."). The ALJ denied this request.

fail to see how Mr. Groves was "blindsided" by the order of dismissal addressing the very relief he requested.

As the chancery court emphasized, Mr. Groves did not raise the denial of attorney's fees as an issue in his petition for judicial review. But even if this issue was not waived, the statute relied on by Mr. Groves for payment of attorney's fees did not authorize such an award in these circumstances. Under Tennessee Code Annotated § 4-5-325(a),

> (a) When a state agency *issues a citation* to a person, local governmental entity, board or commission for the violation of a rule, regulation or statute and *such citation results in a contested case hearing*, at the conclusion of such hearing, the hearing officer or *administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation*, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:
> (1) Even though, to the best of such agency's knowledge, information and belief formed after reasonable inquiry, the violation was not well grounded in fact and was not warranted by existing law, rule or regulation; or
> (2) For an improper purpose such as to harass, to cause unnecessary delay or cause needless expense to the party cited.

Tenn. Code Ann. § 4-5-325(a) (emphasis added). Here, Mr. Groves was not a "party issued a citation" for "the violation of a rule, regulation or statute." The only document sent to Mr. Groves was a notice that a forfeiture warrant had been issued for the vehicle, primarily so that he could take steps to protect his interest as a co-owner.

## B. DISMISSAL OF THE DECLARATORY JUDGMENT ACTION

The court also dismissed Mr. Groves's declaratory judgment action for, among other reasons, improper joinder of an original action with an administrative appeal. Thirty-five years ago, this Court "heartily condemn[ed] that which appear[ed] . . . to be a growing practice, i.e., the joinder of an appeal with an original action and the simultaneous consideration of both at the trial level." *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 386 (Tenn. Ct. App. 1983). As we explained,

> such procedure is inimical to a proper review in the lower certiorari Court and creates even greater difficulties in the Court of Appeals. The necessity of a separation of appellate review of a matter and trial of another matter ought to be self evident. In the lower Court one is reviewed under appropriate Appellate rules and the other is tried under trial rules. In this Court our scope of review is dependent upon the nature of a proceeding. In this case one matter would be limited by rules of certiorari review and the

other would be reviewed under 13(d), Tennessee Rules of Appellate Procedure. Like water and oil, the two will not mix.

*Id.*; *see also Universal Outdoor, Inc. v. Tenn. Dep't of Transp.*, No. M2006-02212-COA-R3-CV, 2008 WL 4367555, at *9 (Tenn. Ct. App. Sept. 24, 2008) ("A direct or original action cannot be brought in conjunction with an action that is appellate in nature, such as judicial review under the APA or common law writ of certiorari."); *State ex rel. Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991) ("[I]t is impermissible to join an appeal from an action of a board with an original action in the trial court."). When faced with both an original action and an action for judicial review, courts generally dismiss the original action. *See, e.g.*, *State v. Farris*, No. W2017-00438-COA-R3-CV, 2018 WL 1225746, at *11-12 (Tenn. Ct. App. Mar. 9, 2018), *perm. app. denied*, (Tenn. July 19, 2018) (affirming the dismissal of plaintiff's regulatory taking claim because he "sought . . . an appellate review," so "his claims invoking the original jurisdiction of the chancery court, including his regulatory taking claim[,] could not be joined in th[e same] proceeding"); *Tenn. Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 58-59 (Tenn. Ct. App. 2007); *Winkler v. Tipton Cty. Bd. of Educ.*, 63 S.W.3d 376, 383 (Tenn. Ct. App. 2001); *Goodwin*, 656 S.W.2d at 387. *But cf. Wimley v. Rudolph*, 931 S.W.2d 513, 515-16 (Tenn. 1996) (allowing plaintiff to seek attorney's fees under 42 U.S.C. § 1983 in a petition for judicial review because she "sought a remedy, not available under the Uniform Administrative Procedures Act, but not inconsistent with the relief sought thereunder" but noting that "[h]ad [she] sought to join a claim for [monetary, declaratory, or injunctive] relief under Section 1983 which were inconsistent to remedies available in a petition for judicial review under the Uniform Administrative Procedures Act, the state's estoppel claim would have had merit").

In light of this authority, the chancery court did not err in dismissing Mr. Groves's declaratory judgment action. Here, Mr. Groves impermissibly attempted to join a declaratory judgment action with his petition for judicial review. The fact that the petition for judicial review was dismissed first, leaving only the declaratory judgment action before the court, does not change our conclusion. *See Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 316 (Tenn. Ct. App. 1999) (opinion on petition for rehearing) (citing *State ex rel. Byram* and *Goodwin* to support the conclusion that "the trial court did not err by declining to reinstate Mr. Davis's civil rights claim after it dismissed his petition for judicial review"); *State ex rel. Byram*, 833 S.W.2d at 502 (holding that plaintiffs' "claims invoking the original jurisdiction of the trial court" that were joined with their appeal of a board's decision "should have been dismissed at the outset" even though the trial court "ultimately dismissed" them).

## III.

Based on the foregoing, we affirm the chancery court's dismissal of the case in all respects. This case is remanded for further proceedings as may be necessary and are consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE